*E-filed 7/27/05*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC, <br><br> Plaintiff, <br><br> v. <br><br> VISA INTERNATIONAL SERVICE ASSOCIATION, <br><br> Defendants. | Case No. C04-04143 JW (HRL) <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE THE COURT'S PATENT LOCAL RULES |

On July 26, 2005 the court heard plaintiff's motion to enforce the court's Patent Local Rules. Defendant opposed the motion. Based on the arguments of counsel and the papers submitted, the court rules as follows.

**FACTUAL BACKGROUND**.

This is a suit for patent infringement, breach of contract, and misrepresentation in which plaintiff Cryptography Research, Inc. ("CRI") accuses Visa International ("Visa") of unlawfully using CRI's patented software applications in Visa's Smart Card debit and credit cards.

Defendant Visa is a corporation jointly owned by member financial institutions. It contracts with financial institutions who use the Visa logo on their debit and credit cards. Visa provides its logo, marketing, payment processing and other support in exchange for licensing fees. Outside technology companies manufacture the actual credit cards and the microchips that are embedded into them. These companies contract directly with the financial institutions to manufacture the cards, but Visa

promulgates detailed technical specifications and requirements for all cards carrying its logo, and requires that all cards and chips be tested by Visa or one of its authorized security testing labs. Only cards approved by Visa can carry the logo.

In 1998, CRI licensed to Visa a security software application to be used in Visa Smart Cards. Visa required that such security measures be in place in all cards carrying its logo. In 2001, Visa allegedly cancelled its agreement with CRI and refused to pay the royalties, saying that it did not use the CRI technology. CRI claims that Visa continued to promulgate the use of CRI's patented technology among its chip and card vendors and member banks after the contract was cancelled. Visa counterclaims for declaratory judgement of noninfringement and invalidity.

**PROCEDURAL BACKGROUND**

In March, 2005, CRI provided Visa with its Preliminary Infringement Contentions pursuant to Patent L.R. 3-1. CRI charted 76 claims in 8 patents with reference to Visa approved products for which it alleged infringement. *See* Hadden Decl. Ex. 7. In the CMC order of April 20, 2005, Judge Ware ordered defendant to serve its Preliminary Invalidity Contentions pursuant to Patent L.R. 3-4 by June 2, 2005, and to produce or make available for inspection all documents described under that rule.

Pursuant to Judge Ware's order and Patent L.R. 3-4, Visa served CRI with source code for the Visa Smart Debit/Credit "applet," one software feature implicated by CRI's Patent L.R. 3-1 disclosures. Visa provided none of the required documents for the chip card hardware, operating systems or other software implicated by CRI's Preliminary Infringement Contentions.

In this motion, CRI moves to compel Visa to further comply with Rule 3-4. CRI claims that Visa's production is inadequate, and that Visa must produce documents responsive to all 76 claims in CRI's infringement contentions. Specifically, CRI contends that Visa must produce documents regardless of whether they are in the possession, custody or control of Visa. In the alternative, CRI argues that information possessed by Visa's authorized testing laboratories and chip and card manufacturers are in fact within the control of Visa. Visa responds that it has fully complied with Rule

2

3-4, and that any other documents CRI is requesting are out of Visa's possession, custody or control and therefore not required to be produced by Visa.[1]

**LEGAL STANDARD**

Patent Local Rule 3-4 provides:

> With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

The patent local rules, while described as a "discovery device," serve an additional purpose: "The patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Systems v. Realtek Semiconductor Co.*, 308 F. Supp. 2d. 1106, 1107 (N.D. Cal. 2004).

**DISCUSSION**

**A.     The Scope of Patent Local Rule 3-4**

CRI argues that Patent L.R. 3-4 is not limited to documents in Visa's possession, custody or control, and therefore Visa must gather information from third parties if necessary to comply with the rule. Civil Local Rule 1-1 states, "the Local Rules are meant to supplement the applicable Federal Rules." The limitations that govern the Federal Rules of Civil Procedure also govern the Local Rules. Accordingly, defendant is not required to produce discovery outside its possession, custody, or control.

**B.     Interpreting Patent Local Rule 3-4**

Visa contends that it has fully complied with Patent L.R. 3-4. Visa states that it does not possess or control "source code that implements a DPA countermeasure described in Plaintiff's claim chart . . . or a detailed design-level technical document that shows specifically how a DPA countermeasure described in Plaintiff's claim chart is implemented on a smart card" – therefore, it is

---

[1] Visa also argues that CRI made inadequate meet and confer efforts before filing this motion. While neither party went out of its way in the meet and confer process, CRI (and Visa) made some effort to resolve this dispute before requesting judicial intervention.

3

1  not required to supply such information to plaintiff. In effect, Visa narrowly defines what Patent L.R.
2  3-4 requires and then announces that it has no such documents.
3  However, the Rule calls for much more than the narrow definition adopted by Visa: "the party
4  opposing a claim of patent infringement must produce or make available for inspection and copying . .
5  . [s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation."
6  N.D. CAL. PATENT LOCAL RULE 3-4. Moreover, the Rule requires production of this information as
7  to *any aspects or elements* of an Accused Instrumentality.
8  A more reasonable reading of the rule is that Visa must provide enough documentation to
9  sufficiently show the operation of any aspects or elements of an Accused Instrumentality. The list of
10 documents CRI contends are required more accurately reflects the spirit of the Rule:

> "[T]echnical descriptions of the design, implementation, and operation of power-analysis countermeasures; technical specifications; user manuals; tutorials; operating guides; testing reports; certification documentation; risk implementation reviews; hardware security reviews; chip data sheets; chip block diagrams with explanatory technical description; chip circuit diagrams or PCB layout diagrams; chip application notes; chip software (OS an/or applet) source code; software functional design, and implementation specifications; software implementation analyses and/or evaluations; software pseudocode; software test suites, unit tests test scripts; software API documentation; and software flow diagrams."

16 *See* Plaintiff's Mot. at 7 n. 3.
17 Visa's arguments suggest that it is only responsible for turning over documents that CRI
18 specifically requests. This is a misunderstanding of the Patent Local Rules. The Local Rules are not
19 like other forms of discovery which require a formal request by the opposing party. Rather, it is the
20 responsibility of the party itself to make disclosures that satisfy the Rules.
21 **C.    What Documents are in Visa's Possession, Custody or Control?**
22 CRI first argues that Visa has in its possession information falling under Patent L.R. 3-4 that it
23 has not disclosed to CRI. At the hearing on this motion, it became quite clear that, due to Visa's
24 overly narrow interpretation of the Rule, it has in fact failed to produce technical information in its
25 possession. Therefore, Visa is required to produce all information in its possession that fits CRI's
26 broader definition of Rule 3-4 requirements, discussed above.
27 CRI further argues that the information required under Rule 3-4 that is possessed by Visa's
28 testing laboratories and chip and card manufacturers is within control of Visa. As evidence, CRI cites

1 various internal Visa documents, such as guidelines for Visa's chip and card testing process, contracts
2 and licensing agreements with manufacturers and testing labs, and deposition testimony of Visa
3 employees. CRI argues that these documents prove that VISA has a legal right to access technical
4 information possessed by these outside companies. CRI also argues that Visa has a principle/agent
5 relationship with its testings laboratories.

6 Control in the context of the Fed. R. Civ. P. is defined as "the legal right to obtain documents
7 upon demand." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870
8 F.2d 1450, 1452 (9th Cir. 1989). Whether this "legal right" exists is evaluated in the context of the
9 facts of each case. *See id.* (interpreting union constitution to mean that international union did not have
10 legal right to obtain documents on demand from local affiliate); *see also, In re Legato Systems, Inc.*
11 *Securities Litigation*, 204 F.R.D. 167 (N.D. Cal. 2001) (holding that individual's ability to request
12 record of testimony before administrative body constituted "control").

13 At the outset, the court rejects CRI's argument that documents possessed by the chip and card
14 manufacturers are within the control of Visa. The documents cited by CRI do not provide sufficient
15 support for this contention. However, the court finds CRI's arguments as to the information possessed
16 by the testing laboratories as more persuasive.

17 The documents cited by CRI demonstrate that all vendors and manufacturers submitting chips
18 and cards to the testing laboratories must agree to allow the laboratory to release the information to
19 Visa. This information includes technical documentation meant to assist the laboratory with the testing
20 process, and tests report or evaluations that the laboratory produces when it has completed testing for
21 a particular product. Furthermore, these contracts have explicit provisions stating that the
22 confidentiality obligations and other limitations to use do not apply if the law or a court order requires
23 disclosure.

24 Based on these contractual relationships, it appears that Visa has the legal right to obtain on
25 demand the information submitted by manufacturers and vendors to the testing laboratories for the

26
27
28

5

purpose of Visa approval and testing. Therefore, this information is within the control of Visa for the purpose of Patent L.R. 3-4 disclosures.[2]

**D.      Are CRI's Requests Duplicative and Overly Burdensome?**

Visa argues that CRI's request are duplicative and overly burdensome, because CRI has subpoenaed similar information from at least 13 companies that contract with Visa. However, Visa provides no evidence as to what information, if any, CRI has actually received from outside companies. Furthermore, Visa ignores that Patent L.R. 3-4 disclosure is not a "request" by CRI. Rather, it is an order of the court in the interest of efficient case management and preparation.

## ORDER

For the reasons stated above, CRI's motion to compel is granted in part and denied in part. Visa is ordered to produce any information in its possession, falling under Patent L.R. 3-4, relating to any aspect or element of the claims identified by CRI in its Patent Local Rule 3-1(c) disclosures no later than August 12, 2005.

Visa is further ordered to produce, no later than August 12, 2005, all information falling under Patent L.R. 3-4 in the possession of its authorized testing laboratories, which the court deems to be in the control of Visa.

Visa is reminded that Rule 3-4 is not limited to "source code" or "detailed design-level" information. Rather, Rule 3-4 clearly states that Visa must turn over "*[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation* sufficient to show the operation of *any aspects or elements* of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." N.D. CAL. PATENT L.R. 3-4 (emphasis added).

Furthermore, the court accepts CRI's interpretation of Rule 3-4's catchall "other documentation" category. Accordingly, Visa is ordered to produce technical descriptions of the design, implementation, and operation of power-analysis countermeasures; technical specifications; user manuals; tutorials; operating guides; testing reports; certification documentation; risk implementation reviews; hardware security reviews; chip data sheets; chip block diagrams with

---

[2] The court does not reach the issue of whether Visa has a principal/agent relationship with its authorized testing laboratories.

explanatory technical description; chip circuit diagrams or PCB layout diagrams; chip application notes; chip software (OS an/or applet) source code; software functional design, and implementation specifications; software implementation analyses and/or evaluations; software pseudocode; software test suites, unit tests test scripts; software API documentation; and software flow diagrams sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by CRI in its Patent L.R. 3-1(c) chart.

**IT IS SO ORDERED.**

Dated: 7/27/05

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1 THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2 Laurie Michelle Charrington, lcharrington@fenwick.com

3 Darren E. Donnelly, ddonnelly@fenwick.com,

4 Michael A. Duncheon, mduncheon@hansonbridgett.com, ypete@hansonbridgett.com, CalendarClerk@hansonbridgett.com

5 J. David Hadden, dhadden@fenwick.com

6 Martin F. Majestic, MMajestic@hansonbridgett.com, IPFilings@hansonbridgett.com

7 Lynn H. Pasahow, lpasahow@fenwick.com

8 Alexandra V. Percy, apercy@hansonbridgett.com, rcarrillo@hansonbridgett.com; CalendarClerk@hansonbridgett.com; wchan@hansonbridgett.com

10 David Douglas Schumann, dschumann@fenwick.com, ncarroll@fenwick.com

11 Ryan Aftel Tyz, rtyz@fenwick.com, icampos@fenwick.com

12 Marshall C. Wallace, mwallace@reedsmith.com

13 Garner K. Weng, gweng@hansonbridgett.com, lbucsit@hansonbridgett.com

14 * Counsel are responsible for providing copies of this order to co-counsel.

Dated: 7/27/05

/s/ RNR
Chambers of Magistrate Judge Lloyd