*E-filed 3/2/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>　　　　Defendants._____/ | Case No. C04-04143 JW (HRL)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL |

On February 28, 2006 the court heard plaintiff's motion to compel discovery from both defendant Visa International and non-party Visa USA. Based on the papers submitted and the arguments of counsel, the court issues the following order.

**I.　　BACKGROUND**

This motion arises out of a suit for patent infringement, breach of contract, and misrepresentation in which plaintiff Cryptography Research, Inc. ("CRI") accuses Visa International ("Int'l") of unlawfully using CRI's patented software applications in Visa Smart Card debit and credit cards. Back in 1998, CRI licensed to Int'l a security software application for use in Smart Cards that protects against "differential power analysis" ("DPA"), a technique used by hackers to breach security measures implemented on the cards. CRI alleges that Int'l continued to promulgate the use of CRI's technology among its microchip and card manufacturers after it cancelled the licensing agreement with CRI, thereby inducing infringement of CRI's patents.

CRI served discovery requests on Int'l in December, 2004. Dissatisfied with the responses because they did not include documents from defendant's American affiliate, CRI subpoenaed the information directly from non-party Visa USA ("USA").

CRI now moves to compel the production of responsive documents from both Visa entities—USA pursuant to Rule 45 and Int'l pursuant to Rule 34. It asserts that USA wrongfully limited its production to something less than what was requested by CRI by objecting to and refusing to comply with definitions utilized by CRI in the subpoena. CRI's motion focused on USA's objections to eight document categories in particular, although the disputed definitions have an effect on the scope of the subpoena in general. CRI also asks the court to compel production of the same documents by Int'l under the theory that Int'l controls documents possessed by USA. It is this latter request that CRI champions in its Reply.

This motion raises two distinct issues:

(1) Which entity, defendant Int'l or USA, should be required to respond to the discovery request/subpoena? CRI seeks virtually identical information from both, so practically speaking, only one need produce it.

(2) Whether CRI's definitions of "Smart Card" and "Accused Product" in the discovery requests/subpoena are too broad? The Visa entities contend that CRI's proposed definitions reach information that is irrelevant to this litigation.

Prior to the hearing on this motion, USA requested leave to file a supplemental response to CRI's motion. The supplemental brief stated that: (1) USA agrees to produce documents responsive to the subpoena using CRI's definition of Accused Product and Smart Card. However, it is unwilling to produce documents responsive to all forty requests in the subpoena without first meeting and conferring on the 32 categories that were not raised in this motion; and (2) USA does not want the court to make a finding on whether Int'l control's documents possessed by USA. However, if the court intends to consider CRI's argument that Int'l controls USA, USA disputes that such control exists.[1]

---

[1] USA's request is granted. The court also grants Int'l's request to file a supplemental response, which merely echoed USA's supplemental arguments.

2

## II. DISCUSSION

CRI originally moved to compel production of virtually identical information from both USA and Int'l. The court interpreted these to be alternative motions—either USA *or* Int'l must respond, but not both. Any other interpretation would violate Rule 26's prohibition against unreasonably cumulative or duplicative discovery. *See* FED. R. CIV. P. 26(b)(2).

Because USA has agreed to produce documents in response to the subpoena, it is not necessary at this time for the court to decide whether Int'l controls documents possessed by USA. Under the present circumstances, that question is moot.

USA also agreed to employ CRI's definitions in preparing its response to the subpoena. Those definitions are as follows:[2]

> The term "Accused Product" shall mean any product identified in CRI's Preliminary Infringement Contentions, and any other smart card designed to bear or that bear the Visa brand logo and/or designed to comply with or that does comply with Visa standards and/or specifications, provided that such card is resistant to and/or contains countermeasures for external monitoring attacks, and any ancillary devises as that term is defined in the CRI-Visa License Agreement. This definition specifically includes but is not limited to contactless or dual interface cards with chips containing countermeasures for external monitoring attacks.
>
> The term "Smart Card" as used herein shall mean an include a card containing a secure microprocessor device suitable for identification or financial transactions including without limitation cards substantially conforming (or intended to conform) to any of the ISO 7816, 10536 and/or 14443 standards, and the technology for use therein, provided that such card and/or microprocessor device is resistant to and/or contains countermeasures for external monitoring attacks. This definition specifically includes but is not limited to contactless or dual interface cards with chips containing countermeasures for external monitoring attacks.

As far as the court is concerned, this development moots the "definitional" issue raised in CRI's motion. Any additional disputes about the scope of the requested discovery must be brought in a new motion before the court.

//
//
//

---

[2] CRI agreed to modify the definitions during the meet and confer process. The *modified* definitions are given here.

**United States District Court**
For the Northern District of California

**III.   CONCLUSION**

CRI's motion is denied as moot. USA shall produce documents responsive to CRI's subpoena using CRI's modified definitions.

**IT IS SO ORDERED.**

Dated: 3/2/06

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

| | |
|---|---|
| Willard R. Burns | burnsw@pepperlaw.com, krugerb@pepperlaw.com |
| Laurie Michelle Charrington | lcharrington@gmail.com |
| Darren E. Donnelly | ddonnelly@fenwick.com |
| Michael A. Duncheon | mduncheon@hansonbridgett.com, ypete@hansonbridgett.com |
| J. David Hadden | dhadden@fenwick.com |
| Kathryn M. Kenyon | kenyonk@pepperlaw.com, krugerb@pepperlaw.com |
| Martin F. Majestic | MMajestic@hansonbridgett.com, IPFilings@hansonbridgett.com |
| W. Joseph Melnik | melnikj@pepperlaw.com, nelsonl@pepperlaw.com |
| Lynn H. Pasahow | lpasahow@fenwick.com |
| Alka A. Patel | patela@pepperlaw.com, carusov@pepperlaw.com |
| Alexandra V. Percy | apercy@hansonbridgett.com, rcarrillo@hansonbridgett.com, CalendarClerk@hansonbridgett.com, wchan@hansonbridgett.com |
| Sangeetha M. Raghunathan | sraghunathan@fbm.com, dwilliams@fbm.com |
| William Paul Schuck | wps@mjllp.com |
| David Douglas Schumann | dschumann@fenwick.com, ncarroll@fenwick.com |
| Roderick M. Thompson | rthompson@fbm.com, adugan@fbm.com |
| Ryan Aftel Tyz | rtyz@fenwick.com, icampos@fenwick.com |
| Erik N. Videlock | videlocke@pepperlaw.com |
| Jedediah Wakefield | jwakefield@fenwick.com |
| Marshall C. Wallace | mwallace@reedsmith.com |

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  3/2/06

                                        /s/ RNR
                              Chambers of Magistrate Judge Lloyd