**Counsel Listed on Signature Page**

*E-filed 6/22/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISA INTERNATIONAL SERVICE ASSOCIATION, <br><br> Defendant. | Case No. C 04-04143 JW (HRL) <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING CRYPTOGRAPHY RESEARCH INC.'S MOTION TO COMPEL VISA INTERNATIONAL TO MAKE WITNESSES AVAILABLE FOR DEPOSITION, PRODUCE DOCUMENTS, AND ANSWER INTERROGATORIES AND MOTION FOR SANCTIONS** <br><br> The Honorable Howard R. Lloyd, United States Magistrate Judge |

Plaintiff Cryptography Research, Inc. ("CRI") and Defendant Visa International Service Association ("Visa") submit the following Stipulation and Proposed Order concerning CRI's Motion to Compel Visa International to Make Witnesses Available for Deposition, Produce Documents, and Answer Interrogatories and Motion for Sanctions currently scheduled for hearing on June 27, 2006.

## RECITALS

On May 22, 2006, CRI filed a motion to compel the production of documents, witnesses, and interrogatory answers by Visa.

On May 23, 2006, CRI filed a motion for sanctions against Visa.

On June 16, 2006, Visa and CRI by and through their respective counsel met in person to discuss the issues presented in CRI's motions. In view of the parties' agreements reached at that meeting, as memorialized below, and in view of Visa's agreement to withdraw its motion to bifurcate and stay discovery, which shall be addressed by a separate stipulation and proposed order, CRI and Visa agree to the following stipulated order.

## STIPULATION AND ORDER

1. Visa shall produce all non-privileged documents in its possession, custody or control responsive to CRI's Request Nos. 18, 19, 22, 23, 28, 29, 30, 32, 33, 38, 39, 40, 42, 44, 46, 53, 57, 59, 60, 65, 66, 71, 75 and 85, as drafted by CRI.

2. Visa shall produce all non-privileged documents in its possession, custody or control responsive to CRI's Request No. 24 that relate generally to the security of and/or fraud prevention measures in Accused Products, or that relate to measures in Accused Products to help protect against external monitoring attacks. This request is not intended to require production of documents specifically limited to other security measures, including but not limited to holograms or signature verifications.

3. Visa shall produce all non-privileged agreements in its possession, custody or control responsive to CRI's Request No. 33 unless form agreements were used, in which case Visa may produce representative samples of each form agreement used, along with (1) a verified confirmation of this fact and (2) identification of the names and addresses of the parties to such

form agreements, and the date and duration of such agreements.

4. Visa shall produce all non-privileged agreements in its possession, custody or control responsive to CRI's Request No. 47 that relate to the technical requirements for smart cards and/or chips that will use the Visa mark. This request is not intended to require production of documents related to the actual use of the Visa mark, including but not limited to size or positioning of the mark on smart cards.

5. Visa shall produce non-privileged documents in its possession, custody or control responsive to Request No. 56 sufficient to show pricing of the accused products. This request is not intended to require production of individual transaction data for each use of a smart card.

6. Visa shall produce all non-privileged documents in its possession, custody or control responsive to Request Nos. 67 and 68 that relate to licensing policies and practices for the Accused Products.

7. Visa shall produce a sample of any approved smart card in its possession, custody or control, unless Visa has fewer than 3 of a particular smart card model in its possession, custody or control, in which case Visa and CRI shall meet and confer in good faith on an appropriate protocol for the testing and analysis of such sample smart cards. Visa shall solicit its vendors for sample smart cards to respond to this request, and shall provide copies of requests and responses sent to and from its vendors to CRI.

8. In searching for and producing documents and things in response to CRI's requests for production, including but not limited to those identified above, Visa shall interpret the terms "smart card" and "accused product" in any CRI request (regardless of whether the term is capitalized or otherwise identified as a defined term) as follows:

> SMART CARD shall mean and include a card containing a secure microprocessor device suitable for identification or financial transactions including without limitation cards substantially conforming (or intended to conform) to any of the IS0 7816, 10536 and/or 14443 standards, and the technology for use therein, provided that such card and/or microprocessor device is resistant to and/or contains countermeasures for EXTERNAL MONITORING ATTACKS. This definition specifically includes but is not limited to contactless or dual interface cards with chips containing countermeasures for EXTERNAL MONITORING ATTACKS.

>ACCUSED PRODUCT shall mean any product identified in CRI's Preliminary Infringement Contentions, and any other smart card designed to bear or that bears the VISA brand logo and/or designed to comply with or that does comply with VISA standards and/or specifications, provided that such card is resistant to/and or contains countermeasures for EXTERNAL MONITORING ATTACKS, and any ancillary devices as that term is defined in the CRI-VISA License Agreement. This definition specifically includes but is not limited to contactless or dual interface cards with chips containing countermeasures for EXTERNAL MONITORING ATTACKS.
>
>As used in herein, the term EXTERNAL MONITORING ATTACKS shall mean and refer to actual or potential attacks on the security of a smart card or cryptographic device through external monitoring of the operation thereof and shall include attacks based on power analysis and differential power analysis.

9. Visa shall complete its production of all non-privileged documents and things in its possession, custody, or control responsive to CRI's first, second, and third sets of requests for production of documents and things no later than September 1, 2006.

10. Visa shall search for and produce all non-privileged documents responsive to CRI's first, second and third sets of requests for production of documents and things in the possession, custody or control of Visa's unincorporated regions including Visa Asia Pacific, Visa Central and Eastern Europe, Middle East and Africa, and Visa Latin America and Caribbean. Visa shall also provide responsive information in the possession, custody or control of its unincorporated regions in providing responses to CRI's interrogatories.

11. The parties reserve their respective positions with respect to the issue of Visa International's control of documents and information possessed by Visa's incorporated regions (Visa USA, Visa Canada, and Visa Europe) and others, and CRI reserves the right to seek to compel production of such documents and information from Visa International.

12. CRI may amend or supplement its disclosures under Patent L.R. 3-1 at any time prior to September 15, 2006.  If Visa fails to comply with this Order by producing all responsive documents by September 1, 2006, in addition to pursuing any other remedies including those available under Rule 37, CRI may supplement or amend its disclosures under Patent L.R. 3-1, without objection by Visa, within 10 court days after the date such additional documents or things are produced to and received by CRI.

13. The parties' mutual obligation to provide a source log for all document productions shall remain in effect.

14. The parties' shall exchange privilege logs by September 11, 2006.

15. On or before August 15, 2006, Visa shall substantively answer CRI's First Set of Interrogatories in writing to the best of its knowledge with information in its possession, custody or control from September 1998 through the present. For Interrogatory Nos. 1-4, Visa shall provide written responses and not rely on Federal Rule of Civil Procedure 33(d). With respect to Interrogatory No. 5, Visa shall solicit its approved chip and chip card vendors in writing for the information necessary to answer this interrogatory, and shall produce copies of such solicitations and responses to CRI. In addition, to the extent it seeks to rely on Rule 33(d) in responding to Interrogatory No. 5, Visa shall specify in sufficient detail to permit CRI to locate and to identify, as readily as can Visa, the records from which the answer may be ascertained, including the bates number(s) for the documents on which it seeks to rely. CRI reserves the right to seek additional information responsive to Interrogatory No. 5 pending review of Visa's responses.

16. Visa shall produce Lance Johnson, Philip Yen, and Visa's 30(b)(6) witness(es) for depositions. Visa shall make a good faith attempt to produce former employees Kenneth Ayer, Stephen Schapp, Richard Hite, and Irv Wentzien for depositions. The parties shall meet and confer in good faith to schedule the depositions of Messrs. Ayer, Johnson and Yen, and Visa's 30(b)(6) witness, during the first two weeks of September 2006 (recognizing that Mr. Ayer is a former employee and that Visa may be unable to produce him for deposition), and Messrs. Schapp, Richard Hite, and Irv Wentzien during the second two weeks of September 2006 (recognizing that Messrs. Schapp, Richard Hite, and Irv Wentzien are former employees and that Visa may be unable to produce them for depositions).

/ / /
/ / /
/ / /
/ / /
/ / /

17. In reliance on the foregoing, CRI shall withdraw its Motion to Compel and Motion for Sanctions.

IT IS SO ORDERED

Dated: 6/22/06                                  By: /s/ Howard R. Lloyd
                                                         Honorable Howard R. Lloyd
                                                         United States Magistrate Judge

IT IS SO STIPULATED:

FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
        One of its attorneys

LYNN H. PASAHOW (CSB No. 054283)
lpasahow@fenwick.com
J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
DARREN E. DONNELLY (CSB No. 194335)
ddonnelly@fenwick.com
DAVID D. SCHUMANN (CSB No. 223936)
dschumann@fenwick.com
RYAN A. TYZ (CSB No. 234895)
rtyz@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Attorneys for Plaintiff,
CRYPTOGRAPHY RESEARCH, INC.

PEPPER HAMILTON, LLP AND

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By: /s/ Laurence Z. Shiekman
                One of its attorneys

LAURENCE Z. SHIEKMAN
shiekmanl@pepperlaw.com
CHRISTOPHER J. HUBER
huberc@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Phone: 215.981.4347
Fax: 215.981.4750

JOSEPH MELNIK
melnikj@pepperlaw.com
PEPPER HAMILTON LLP
50th Floor
500 Grant Street
Pittsburgh, PA 15219-2502
Phone: 412.454.5812
Fax: 412.281.0717

DAVID EISEMAN
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Phone:  415.875.6600
Fax:  415.875.6700

Attorneys for Defendant

VISA INTERNATIONAL SERVICE ASSOCIATION


**ATTESTATION OF E-FILED SIGNATURE**

      I, Jedediah Wakefiled, attest that the signatory Laurence Z. Shiekman has read and approved the STIPULATION AND [PROPOSED] ORDER REGARDING

CRYPTOGRAPHY RESEARCH INC.'S MOTION TO COMPEL VISA INTERNATIONAL TO MAKE WITNESSES AVAILABLE FOR DEPOSITION, PRODUCE DOCUMENTS, AND ANSWER INTERROGATORIES AND MOTION FOR SANCTIONS and consents to its filing in this action.

                                                             /s/ Jedediah Wakefield
                                                              Jedediah Wakefield