QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
  Robert W. Stone (Bar No. 163513)
  robertstone@quinnemanuel.com
  W. Paul Schuck (Bar No. 203717)
  paulschuck@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: 650-801-5000
Facsimile: 650-801-5100

*E-filed 9/6/06*

Attorneys for Third-Party
INTERNATIONAL BUSINESS
MACHINES CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISA INTERNATIONAL SERVICE ASSOCIATION, <br><br> Defendants. | Case No. C 04-04143 JW (HRL) <br><br> **STIPULATED SUPPLEMENTAL PROTECTIVE ORDER** |

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
Case No. C 04-04143 JW (HRL)
946538 v1

Third-Party International Business Machines Corporation, Plaintiff Cryptography Research, Inc., and Defendant Visa International Service Association, by and through their respective counsel, hereby stipulate as follows:

Source code produced by International Business Machines Corporation ("IBM") via optical or electronic media in its native form that is Protected Material (the "electronic code") will be subject to all the provisions in the protective order entered in this case on March 21, 2005 (the "PROTECTIVE ORDER") and the following additional provisions:

(1) Outside Counsel for the Receiving Party (and employees of Outside Counsel to whom it is reasonably necessary to disclose such information) shall retain exclusive possession at its offices of the electronic code and agrees to maintain only one copy of the media via which the electronic code was produced at each facility of Receiving Party's Outside Counsel.

(2) Notwithstanding the prior paragraph, Outside Counsel for the Receiving Party (and employees of Outside Counsel to whom it is reasonably necessary to disclose such information) may copy the electronic code (or any portion of it) into memory or disk storage of a single computer at each facility of Receiving Party's Outside Counsel, provided that such computer is password-protected, located at Outside Counsel's office, and is at all times non-networked whether or not the electronic code is being viewed or analyzed at any time. Nothing in the prior paragraph prevents incidental copying into memory of the electronic code (or any portion of it) as part of investigation, analysis, or review, such as in a smart card, emulator, simulator, or debugger.

(3) Upon request, IBM will attempt to host and provide full access to the electronic code at one of its law firms or at an IBM facility, convenient to the Receiving Party's Expert. IBM does not guarantee that it has such a facility or law firm, or if it does, that such facility or law firm is capable of allowing access. IBM will not pay an outside counsel to provide such a facility in the event that, despite its efforts, IBM is unable to find an IBM hosting facility or a

1    law firm that will otherwise host. Access under this paragraph shall only be limited by the
2    provisions of PROTECTIVE ORDER and the additional provisions contained herein.
3        (4)    The Receiving Party acknowledges that any Expert retained and approved
4    pursuant to the PROTECTIVE ORDER may not take and maintain actual possession of the
5    media on which the electronic code is produced or a computer on which the electronic code is
6    loaded, except at the locations provided for above.
7        (5)    If the electronic code is produced in encrypted form, when not in use, it must be
8    stored in encrypted form.
9        (6)    Unencrypted excerpts of the electronic code may be included in electronic
10   documents such as legal memoranda, exhibits, reports, declarations, or other word processing or
11   presentation documents provided that any electronic versions of such documents are password
12   protected.
13       (7)    If any document is filed with the Court that contains the electronic code (or
14   portions thereof), an application to file the document under seal will be made as set forth in the
15   PROTECTIVE ORDER. The parties agree to immediately notify IBM so that the appropriate
16   declaration establishing that the designated information is sealable can be filed by IBM pursuant
17   to the requirements of Civil L.R. 79-5.
18       (8)    Section 11 of the Stipulated Protective Order ("Final Disposition") shall apply to
19   the electronic code except that compliance shall be within thirty days after final termination and,
20   if the electronic code is returned, shall be returned in encrypted form.
21       (9)    Except for paragraph 7 above, none of the additional provisions contained herein
22   apply to the printing of the electronic code (or any portions thereof), the documents so printed, or
23   copies thereof. Printed copies of the electronic code (or any portions thereof) shall be
24   ///
25   ///
26   ///
27   ///
28   ///

3

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
Case No. C 04 04143 JW (HRL)
946538 v1

maintained by the RECEIVING PARTY in the manner provided for under the PROTECTIVE ORDER pursuant to its designation.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated: 9/29/2005        By: /s/ [signature]
                        FENWICK & WEST LLP
                        Attorneys for Plaintiff
                        Cryptography Research, Inc.

Dated: 9/29/05          By: /s/ [signature]
                        PEPPER HAMILTON LLP
                        Attorneys for Defendant
                        Visa International Service Assoc.

Dated: 9/29/05          By: /s/ [signature]
                        QUINN EMANUEL URQUHART
                        OLIVER & HEDGES LLP
                        Attorneys for Third Party
                        International Business Machines Corp.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 9/6/06           By: /s/ Howard R. Lloyd
                        HOWARD R. LLOYD
                        UNITED STATES MAGISTRATE JUDGE