IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Cryptography Research Inc., | NO. C 04-04143 JW |
| Plaintiff, | **PROPOSED ORDER OF APPOINTMENT OF A TECHNICAL ADVISOR, MR. RAINER SCHULZ** |
| v. | |
| Visa International Service Assoc., | |
| Defendants. | |

## I. BACKGROUND

In this lawsuit, Plaintiff Cryptography Research, Inc. (CRI) contends that Defendant Visa International Service Association (Visa) infringes eight CRI patents involving devices and methods for the security of financial transactions being conducted using "smartcards."

Each of the eight U.S. Patents asserted by CRI describe inventions designed to secure the microprocessor against external monitoring of its electrical properties. These eight patents are U.S. Patent Nos. 6,327,661 (the '661 patent), 6,278,783 (the '783 patent), 6,298,442 (the '442 patent), 6,304,658 (the '658 patent), 6,381,699 (the '699 patent), 6,539,092 (the '092 patent), 6,510,518 (the '518 patent), and 6,654,884 (the '884 patent). CRI alleges that certain claims of these patents are infringed by Visa-branded Smartcards.

The Court invited the parties to submit a list of claim terms for which they desired a construction. The parties submitted over 50 words and phrases in dispute. On November 8-9, 2005, the Court conducted claim construction proceedings. On October 19, 2006, the Court issued its First Claim Construction Order, which construed approximately 8 terms. (See Docket Item No. 269.)

1  The Court finds that due to the complexity of the case and the patents-in-suit, the Court would
2  benefit from the services of a technical advisor.

## II. STANDARDS

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary. Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (en banc). The exercise of this authority should be used sparingly and only in highly complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a technical advisor. Federal Trade Commission v. Enforma Natural Products, Inc., 362 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988). The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker. TechSearch, 286 F.3d at 1377.

In Reilly, while conceding that a district court has inherent authority to appoint an expert as a technical advisor, the appellant argued that such power is strictly circumscribed by Fed.R.Evid. 706(a). Reilly, 863 F.2d 149, 154 (1st Cir. 1988). The First Circuit held the plain language of 706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants:

> [706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. [] By and large, these modalities--though critically important in the realm customarily occupied by an expert witness--have marginal, if any, relevance to the functioning of technical advisors. Since an advisor, by definition, is called upon to make no findings and to supply no evidence, [internal citations omitted], provisions for depositions, cross-questioning, and the like are inapposite. [citations omitted.]

Id. at 155-156.

### III. PROPOSED ORDER OF APPOINTMENT

The Court intends to appoint Mr. Rainer Schulz[1] as a "Technical Advisor" under the following terms:

1. Any advice provides to the Court by Mr. Schulz will not be based on any extra-record information.

2. From time to time, the Court may request Mr. Schulz to provide a formal written report on technical advice concerning the case. A copy of the formal written report prepared by Mr. Schulz shall be provided to the parties. However, the Court reserves the right to have informal verbal communication with Mr. Schulz which are not included in any formal written report.

2. Mr. Schulz may attend any court proceedings.

3. Mr. Schulz may review any pleadings, motions or documents submitted to the Court.

4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz. See Reilly, 863 F.2d at 155-156.

5. Mr. Schulz will have no contact with any of the parties or their counsel except for billing purposes.

6. The parties are directed to pay the reasonable fees charged by Mr. Schulz for his service as a technical advisor to the Court in this case. If the appointment is made, the parties shall confer to determine an apportionment for purposes of payment of Mr. Schulz's fees. All matters pertaining to the fees of Mr. Schulz are referred to the assigned Magistrate Judge Howard Lloyd.

7. Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.

On for before **March 19, 2007**, any party to the litigation wishing to object to Mr. Schulz's appointment on any ground, shall file a Notice of Objection to Appointment of Technical Advisor.

---

[1] Attached to this Proposed Order is a courtesy copy of Mr. Schulz's resume.

3

Among the grounds for objection, the Court specifically would wish to know of any objection based on the following grounds:

    A. Bias on the part of Mr. Schulz;

    B. Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with Magistrate Judge Lloyd. The objection shall state the grounds of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection. Judge Lloyd shall not advise Judge Ware of the identity of any party making an objection. Judge Lloyd may confer with the parties to determine if any modification of the terms of appointment would overcome the objection. Thereafter, Judge Lloyd shall submit a recommendation to Judge Ware in accordance with paragraphs 1-7 or as modified, or of non-appointment due to objections. Judge Ware shall determine whether to make the appointment under any modified terms of appointment.

Dated: March 7, 2007

                                    JAMES WARE  
                                    United States District Judge

4

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alexandra V. Percy apercy@hansonbridgett.com
Alka A. Patel patela@pepperlaw.com
Brandon D. Baum bbaum@mayerbrown.com
Christopher J Huber huberc@pepperlaw.com
Darren E. Donnelly ddonnelly@fenwick.com
David Eiseman davideiseman@quinnemanuel.com
David Douglas Schumann dschumann@fenwick.com
Dennis S Corgill dcorgill@mayerbrownrowe.com
Erik N. Videlock videlocke@pepperlaw.com
Ian N. Feinberg ifeinberg@mayerbrownrowe.com
J. David Hadden dhadden@fenwick.com
Jedediah Wakefield jwakefield@fenwick.com
Joshua M. Masur jmasur@mayerbrownrowe.com
Kathryn M. Kenyon kenyonk@pepperlaw.com
Laurence Z Shiekman shiekmanl@pepperlaw.com
Laurie Michelle Charrington lcharrington@gmail.com
Lynn H. Pasahow lpasahow@fenwick.com
Marshall C. Wallace mwallace@reedsmith.com
Martin F. Majestic Mmajestic@hansonbridgett.com
Michael A. Duncheon mduncheon@hansonbridgett.com
Michael A. Molano mmolano@mayerbrownrowe.com
Rachel Heather Smith rachelsmith@quinnemanuel.com
Roderick M. Thompson rthompson@fbm.com
Ryan Aftel Tyz rtyz@fenwick.com
Sangeetha M. Raghunathan sraghunathan@fbm.com
Stephen Roger Dartt sdartt@fenwick.com
W. Joseph Melnik melnikj@pepperlaw.com
Willard R. Burns burnsw@pepperlaw.com
William Paul Schuck wps@mjllp.com

Dated: March 7, 2007                    **Howard W. Wieking, Clerk**

                                        **By:   /s/ JW Chambers**
                                              **Elizabeth Garcia**
                                              **Courtroom Deputy**