1 | **Counsel Listed on Signature Page**
2 |
3 |
4 |
5 |
6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | NORTHERN DISTRICT OF CALIFORNIA
10 | SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC., | Case No. C 04-04143 JW (HRL) |
| Plaintiff, | **JOINT REQUEST FOR FURTHER CASE MANAGEMENT CONFERENCE UNDER CIVIL L.R. 16-10(C) AND [PROPOSED] ORDER** |
| v. | |
| VISA INTERNATIONAL SERVICE ASSOCIATION, | Judge: James Ware |
| Defendant, | |
| VISA INTERNATIONAL SERVICE ASSOCIATION, | |
| Counterclaimant, | |
| v. | |
| CRYPTOGRAPHY RESEARCH, INC., | |
| Counterdefendant. | |

Defendant Visa International Service Association ("VISA") and Plaintiff Cryptography Research, Inc. ("CRI") jointly request a Case Management Conference ("CMC") pursuant to Civil L.R. 16-10(c) to discuss how the case should proceed.

## FACTS GIVING RISE TO JOINT REQUEST FOR CMC

The request for a CMC is made in light of the following facts:

1. On November 8-9, 2005, the Court held a claim construction hearing on all eight patents-in-suit.

2. On October 19, 2006, the Court issued its Claim Construction for the disputed terms of the '661 patent.

3. On November 13, 2006, CRI moved for leave to file a motion for reconsideration with respect to one of the construed claim terms of the '661 patent. No order has been entered on that motion for reconsideration.

4. On November 20, 2006, CRI served Final Infringement Contentions on the construed '661 patent asserting 25 previously unasserted claims. The parties dispute whether these newly asserted claims raise new issues of claim construction. **CRI's position:** CRI contends that none of the newly asserted claims raise new claim construction issues. As part of the previous claim construction proceedings, the parties entered into a stipulated order by which CRI would supplement its infringement contentions with these or other claims without objection by VISA. The parties (and VISA's then counsel) contemplated this stipulation and supplemental infringement contentions during the claim construction phase and the terms already presented by the court address any issues they raise. Any wish from VISA's new counsel to redo past proceedings does not justify further delay or the burden it would impose on the Court or CRI— particularly in light of VISA's lack of diligence in raising the issue when it was fully aware of it before the prior claim construction briefing. **VISA's position:** These claims would raise new issues of claim construction.

5. On December 6, 2006, CRI served Supplemental Preliminary Infringement Contentions on VISA, which asserted 15 previously unasserted claims. The parties dispute whether these newly asserted claims raise new issues of claim construction. **CRI's position:** As

stated above, CRI contends that none of the newly asserted claims raise new claim construction issues. The newly asserted claims include terms, or variations thereof, that have been fully briefed by the parties. Moreover, the newly asserted claims include terms that have already been construed by the Court. **VISA's position:** These claims also would raise new issues of claim construction.

6. On January 24, 2007, Mayer, Brown, Rowe & Maw LLP entered an appearance as counsel for VISA. Subsequently, Joseph Melnik, lead counsel for VISA, left the Pepper Hamilton firm and joined the Palo Alto office of Mayer, Brown. Mayer, Brown is now lead counsel for VISA.

7. Also on March 7, 2007, the Court issued an Order re: Submission of Claims being asserted.

8. On March 20, 2007, the Court issued an Order of Appointment of a Technical Advisor, Dr. Ranier Schulz.

9. On March 20, 2007, the Court granted CRI's Motion for Leave to File a Second Amended Complaint.

## DISCUSSION

No substantial developments have occurred since the November 8-9, 2005 claim construction hearing with the exception of the claim construction order on the '661 patent, CRI's motion for reconsideration of that order, CRI's final infringement contentions and VISA's final invalidity contentions on that patent, CRI's supplemental preliminary infringement contentions, and the Court granting CRI's motion to amend its complaint to add an antirust claim. Given the above, and the change in VISA's counsel, the parties request a CMC at which they propose to raise at the least the following.

1. In the Joint Chart of the Claims Being Asserted filed March 16, 2007, the parties disagreed on which claims are actually before the Court. CRI contends that it added claims pursuant to the Stipulated Order dated September 29, 2006[1], which expressly allowed CRI to

---

[1] The parties filed multiple stipulated orders which expressly included supplementation under the patent local rules during 2005 and 2006.

amend its Preliminary Infringement Contentions "without objection by Visa" because of VISA's persistent violations of discovery obligations and the Court's orders. VISA contends that these 40 new claims are not properly before the Court because their addition was neither permitted by Local Rule nor by the Stipulated Order.

2. The parties further disagree whether the newly asserted claims raise new claim construction issues. CRI contends that no additional claim construction is required and the Court should not allow VISA to redo the claim construction process simply because it retained yet another law firm to serve as its lead counsel. VISA contends that if the Court allows CRI to assert its new claims, construction of additional claim terms will be required.

3. The parties disagree whether the appointment of expert Schulz requires the parties to reopen claim construction. **CRI's position:** CRI contends that no renewed briefing or hearing on claim construction is necessary because of the appointment of expert Schulz. The claim construction issues have already been fully briefed and presented to the Court, and the passage of time since then has not changed the language of any claims. **VISA's position:** VISA contends that renewed briefing and argument on claim construction may be necessary in light of the appointment of expert Schulz and the fact that some 16 months have passed since the Claim Construction hearing.

4. The parties dispute whether CRI should be required to limit the number of the asserted claims. **CRI's position:** There is no justification for the Court to accept VISA's proposal and force CRI to limit its rightfully asserted claims. The parties have already briefed all claim construction issues and the Court has even construed some of the terms. Extensive discovery has already been ongoing and limitations of the asserted claims will not simplify discovery. **VISA's position:** VISA believes it would be desirable to require CRI to assert only a limited number of representative claims, thus simplifying claim construction, discovery, motion practice and trial. VISA will suggest a schedule on which CRI will designate representative claims, followed by a briefing and hearing schedule on claim construction before expert Schulz. VISA proposes that CRI be limited to asserting no more than 16 representative independent claims (an average of two per patent).

The parties propose that the CMC be scheduled for April 23, 2007, with a Joint Case Management Conference Statement filed pursuant to L.R. 16-10(d).

### [PROPOSED] ORDER

A Case Management Conference shall be scheduled for Monday, April 23, 2007, at 10:00 a.m., with a Joint Case Management Conference Statement filed pursuant to L.R. 16-10(d).

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 3/27/2007

*/s/ James Ware*
THE HON. JAMES WARE
UNITED STATES DISTRICT JUDGE

Submitted: March 22, 2007

| For Plaintiff/Counterclaim Defendant<br>CRYPTOGRAPHY RESEARCH, INC. | For Defendant/Counterclaimant<br>VISA INTERNATIONAL SERVICE ASSOCIATION |
|---|---|
| /s/Jedediah Wakefield<br>Jedediah Wakefield<br>FENWICK & WEST LLP | /s/Ian Feinberg<br>Ian N. Feinberg<br>MAYER, BROWN, ROWE & MAW LLP |

LYNN H. PASAHOW (CSB No. 054283)
  lpasahow@fenwick.com
J. DAVID HADDEN (CSB No. 176148)
  dhadden@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
  jwakefield@fenwick.com
DARREN E. DONNELLY (CSB No. 194335)
  ddonnelly@fenwick.com
DAVID D. SCHUMANN (CSB No. 223936)
  dschumann@fenwick.com
RYAN A. TYZ (CSB No. 234895)
  rtyz@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

IAN N. FEIBERG (SBN 88324)
  ifeinberg@mayerbrownrowe.com
BRANDON BAUM (SBN 121318)
  bbaum@mayerbrownrowe.com
MICHAEL A. MOLANO (SBN 171057)
  mmolano@mayerbrownrowe.com
JOSHUA M. MASUR (SBN 203510)
  jmasur@mayerbrownrowe.com
DENNIS S. CORGILL (SBN 103429)
  dcorgill@mayerbrownrowe.com
ERIC B. EVANS (SBN 232476)
  eevans@mayerbrownrowe.com
MAYER BROWN ROWE & MAW LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.*