*E-filed 2/7/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC, <br> Plaintiff, <br> v. <br> VISA INTERNATIONAL SERVICE ASSOCIATION, <br> Defendant. | Case No. C04-04143 JW (HRL) <br><br> **ORDER ON DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS** <br><br> Re: Docket Nos. 371 and 372 |

Cryptography Research, Inc. ("CRI") sues Visa International Service Association ("Visa") for patent infringement, breach of contract, and misrepresentation. The patents-in-suit pertain to measures that protect Visa "smart cards" from identity theft vulnerability.[1] Visa moves to compel CRI to produce: (1) a further interrogatory response; (2) documents related to a third party licensing agreement; and (3) inventor's notebooks related to the patents-in-suit. Visa also seeks attorney's fees.

**I.     Motion to Compel Further Contention Interrogatory Response**

Visa first wants a more detailed response to a contention interrogatory: Interrogatory Number 21. It says that more specificity should be compelled because CRI has alleged that

---

[1] A "smart card" is a credit card with an embedded microprocessor chip purported to increase security of the user's identifying information in e-commerce transactions.

Visa infringed, either directly or indirectly, over 140 claims for eight different patents. The sufficiency of CRI's response as it pertains to direct infringement is not in dispute. The problem, according to Visa, is that CRI refuses to provide detailed descriptions for the factual and legal bases underlying its claims of indirect infringement. This contention interrogatory is important to Defendant because of the large number of infringement assertions which are based on Visa's dealings with numerous member banks and other entities.

CRI says that it has already provided the information sought by Visa. Plaintiff explains that its response pointed to and incorporated prior discovery responses which contain the information necessary for Visa to determine the basis for its assertions. This may or may not be entirely accurate. In any event, the dispute is not over whether CRI has produced certain information; rather, it is whether CRI should be compelled to provide a response which harnesses the universe of facts and relates them to each claim of infringement. CRI cites *Caliper Techs. Corp. v. Molecular Devices Corp.* in support, which says that an interrogatory response need only give the information to the requesting party, not explain it. 213 F.R.D. 555, 557 (N.D. Cal. 2003).

However, that case addresses a request for an explanation of the mechanics of a technical process, not an explanation of how the facts relate to claims. This distinction is important because Federal Rule of Civil Procedure 33(a)(2) notes that parties may be required to set out their contentions relating "the application of the law to fact." In this case, where there are so many claims and so many actors as to make it unwieldy and potentially unmanageable, it is not unreasonable to require more from CRI. Visa's motion to compel a further interrogatory response is GRANTED. **By February 22, 2008, CRI should set out in one place and in an organized, focused fashion, the which, when, where, what and how of its indirect infringement claims.**[2]

---

[2] By way of example, CRI should refer to its own illustration for two of the asserted claims as related to Visa's dealings with a chip manufacturer. *See* Opp. Brief, pg. 9-10.

**II.     Motion to Compel Further Production of Documents**

**A) CRI's Third Party Licensing Agreement and Product Development Documents**

Although the original production requests sought information about all third parties with which CRI had agreements, Visa now only seeks those documents related to Plaintiff's license of any patents or technology to Doe Corporation.[3] <u>Request for Production of Documents No.'s 22 and 23</u>. Pursuant to a subpoena on this same topic, Doe Corporation had previously produced a few heavily redacted documents to Visa. From those documents, Defendant gleaned two important pieces of information. First, that Doe Corporation does not mark its product with CRI's technology, nor does the licensing agreement require it to do so. Second, the generalized descriptions of how the licensed technology functions seems to implicate aspects of the technology encompassed in the patents-in-suit. Visa argues that full production of these documents should be compelled because they are relevant to its marking defense.

It is currently unclear the extent to which the technology licensed to Doe Corporation relates to the technology at issue in this case. But, there are sufficient similarities such that Visa should have the opportunity to investigate it more thoroughly. CRI has not met its burden of showing why discovery should not go forward on this relevant, non-privileged material. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The production shall include both the functional documents and the actual "deliverables" such as source code information. Nevertheless, because the court is sensitive to Doe Corporation's privacy concerns, this production may be subject to a more restrictive protective order than the one already in place.

**Accordingly, by February 22, 2008, the parties shall submit a joint proposed supplemental protective order.**[4] The proposal should protect the interests of CRI and Doe Corporation, but should not be so stringent as to hamstring Visa's practical ability to evaluate and analyze the information for purposes of its defense. The parties are encouraged to refer to

---

[3] The third party licensee ("Doe Corporation") has satisfied the court that public disclosure of its name in this case would be detrimental to it. The parties are aware of this licensees' identity and do not object to this public redaction.

[4] If the parties cannot reach an agreement, then each party shall file a proposal. The court will choose the most even-handed one.

prior supplemental protective orders adopted in this case. Furthermore, the court is amenable to imposing varying levels of protection for different types of material. Once a suitable supplemental protective order has been signed, the court will provide a production timetable.

### B) All Relevant Inventor Notebooks Beginning in 1995

Visa sought from CRI "[a]ll documents or things relating to any laboratory or engineering notes or notebooks of any inventors relating to any alleged inventions claimed" in each of the eight patents-in-suit. Request for Production Nos. 152, 199, 246, 293, 357, 387, 434, and 481. In response, CRI produced seven inventor's notebooks. It says that it has produced all notebooks relating to the patents-in-suit. *See* Tyz Decl., ¶ 43. Visa asserts that more should have been produced. Thus, the question is whether or not CRI's interpretation of relevant information responsive to the production request is unduly narrow.

Visa inferred that responsive, relevant notebooks were being withheld based on the relatively small number of notebooks produced and because of the content of the books. Defendant is suspicious that only seven notebooks relate to this invention, given the numerous articles written by the inventors and the number of patents secured based on the invention. With respect to content, Visa points out that, chronologically, the first notebook produced was dated November 13, 1997. This notebook was Paul Kocher's, the primary inventor of the technology at issue. According to Defendant, this notebook contained a nearly fully formed and fleshed out invention. Therefore, it follows that - unless the inventor had a sudden, unexpected, unexplained flash of blinding insight - there would logically be earlier notebook entries reflecting the germination of ideas and antecedent ruminations leading up to this invention.

There is more than the usual significance to the timing of the date of conception in this case. During the same relative time frame in which the invention was or might have been conceived, Kocher was also under (direct or indirect) contractual obligation to Visa. Accordingly, production of notebooks prior to Kocher's November 1997 "epiphany" are relevant to Visa's defenses to CRI's contract claims, i.e., claims that Kocher breached contractual duties to Visa or concealed information during his negotiations.

4

While the court does not necessarily question the sincerity of Plaintiff's assertion that November 1997 was the date of conception, there are sufficiently unique circumstances to require production of Kocher's notebooks from November 1997 back to January 1995. **CRI shall produce the notebooks by February 22, 2008**.

### III. Attorney Fees

Visa requests that the court order CRI to pays its attorneys fees associated with bringing this motion. Fed. R. Civ. P. 37(a)(5)(A). However, Visa did not make a persuasive case for the imposition of sanctions, nor did it file its motion for sanctions according to the Local Rules. *See* Fed. R. Civ. P. 37(a)(4)(a); Civil Local Rule 7-8. Accordingly, the request for attorney fees is DENIED.

**IT IS SO ORDERED.**

Dated: 2/7/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE MAILED TO:

Brandon D. Baum    bbaum@mayerbrown.com
Laurie Michelle Charrington    lcharrington@daycasebeer.com, gmitsuk@daycasebeer.com
Dennis S Corgill    dcorgill@gmail.com
Stephen Roger Dartt    sdartt@fenwick.com
Joshua David Dick    jdick@whitecase.com
Darren E. Donnelly    ddonnelly@fenwick.com, emancera@fenwick.com
Michael A. Duncheon    mduncheon@hansonbridgett.com, CalendarClerk@hansonbridgett.com, mless@hansonbridgett.com
Eric Evans    eevans@mayerbrownrowe.com
Ian N. Feinberg    ifeinberg@mayerbrown.com, cpohorski@mayerbrownrowe.com, ericevans@mayerbrownrowe.com
Michael J. Gallagher    mgallagher@whitecase.com, hmurdock@whitecase.com, mco@whitecase.com, ogierke@whitecase.com
J. David Hadden    dhadden@fenwick.com
William Joseph Healey    invalidaddress@invalidaddress.com
Mary Elaine Johnston    mejohnston@whitecase.com
Erin Catherine Jones    ejones@fenwick.com
Richard Elgar Lyon , III    rlyon@irell.com, CMcEntee@irell.com, cwaters@irell.com, jgordon@irell.com, mwilliams@irell.com, rick.lyon@gmail.com
Martin Frank Majestic    MMajestic@hansonbridgett.com, IPFilings@hansonbridgett.com
Joshua Michael Masur    jmasur@mayerbrown.com, ratie@mayerbrown.com
W. Joseph Melnik    jmelnik@mayerbrownrowe.com, jazevedojr@mayerbrown.com, jwilkinson@mayerbrownrowe.com
Michael A. Molano    mmolano@mayerbrownrowe.com, cpohorski@mayerbrownrowe.com
Lynn Harold Pasahow    lpasahow@fenwick.com, tchow@fenwick.com
Alexandra V. Percy    apercy@hansonbridgett.com, CalendarClerk@hansonbridgett.com, rcarrillo@hansonbridgett.com, wchan@hansonbridgett.com
William Paul Schuck    wpschuck@schiffhardin.com, dwg@mjllp.com
David Douglas Schumann    dschumann@fenwick.com, calvin@fenwick.com
Saina Sason Shamilov    sshamilov@fenwick.com, vschmitt@fenwick.com
Roderick Manley Thompson    rthompson@fbm.com, adugan@fbm.com, calendar@fbm.com
Ryan Aftel Tyz    rtyz@fenwick.com, icampos@fenwick.com
Jedediah Wakefield    jwakefield@fenwick.com, rjones@fenwick.com
Marshall C. Wallace    mwallace@reedsmith.com
Howard Marc Wettan    hwettan@whitecase.com

Elizabeth S. Campbell
3000 Two Logan Square
Eighteenth and Arch Street
Philadelphia, PA 19103-2799

Joseph Helmsen
500 Grant Street, 50th Floor
Pittsburgh, PA 15219

Rainer Schulz
511 Cuesta Drive
Los Altos, Ca 94024-4132

Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.

Dated:    2/7/08         /s/       KRO
                     Chambers of Magistrate Judge Howard R. Lloyd

**United States District Court**
For the Northern District of California