1  IAN N. FEINBERG (SBN 88324)
     *ifeinberg@mayerbrown.com*
2  W. JOSEPH MELNIK (*pro hac vice*)
     *jmelnik@mayerbrown.com*
3  BRANDON BAUM (SBN 121318)
     *bbaum@mayerbrown.com*
4  MICHAEL A. MOLANO (SBN 171057)
     *mmolano@mayerbrown.com*
5  JOSHUA M. MASUR (SBN 203510)
     *jmasur@mayerbrown.com*
6  ERIC B. EVANS (SBN 232476)
     *eevans@mayerbrown.com*
7  CLIFF A. MAIER (SBN 248858)
     *cmaier@mayerbrown.com*

MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile:   (650) 331-2060

Attorneys for Defendant and Counterclaimant
VISA INTERNATIONAL SERVICE
ASSOCIATION

*E-filed 2/25/08*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC.,<br><br>*Plaintiff and Counterdefendant,*<br><br>v.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>*Defendant and Counterclaimant,*<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 04-4143-JW (HRL)<br><br>**[PROPOSED] THIRD SUPPLEMENTAL PROTECTIVE ORDER** |

1     Whereas, Defendant Visa International Service Association ("Visa International") sought from Plaintiff Cryptography Research, Inc. ("CRI") information developed in relation to CRI's licensing of technology to the entity referred to as Doe Corporation in the February 7, 2008 Order on Defendant's Motion to Compel and for Sanctions (Docket No. 429) (referred to herein as "Doe Corp. Materials"); and

    Whereas, the Doe Corp. Materials may include information relating to the implementation and testing of the technology licensed by CRI to Doe Corporation, which implementation materials may include, but are not limited to, software source code, Hardware Description Language (HDL) source code (VHDL), test vectors, circuit netlists or schematics, or semiconductor layouts ("Implementation Materials").

    Now, therefore, pursuant to the February 7, 2008 Order on Defendant's Motion to Compel and for Sanctions (Docket No. 429), CRI and Defendant Visa International Service Association ("Visa International"), by and through their respective counsel, hereby stipulate as follows:

    The production, discovery and use of the Doe Corp. Materials shall be subject to all the provisions in the protective order entered in this case on March 21, 2005 (the "Protective Order"), as may be amended or modified by the Court. In addition, information designated "Implementation Materials" shall be treated in accordance with Section 7.3 of the Protective Order and subject to the following additional provisions:[1]

    1.   CRI or Doe Corp. may designate any documents, materials or information as "Implementation Materials." Section 6 of the Protective Order shall apply to challenges to any disputes over CRI or Doe Corp.'s designation of materials as Implementation Materials.

    2.   Outside Counsel for the Receiving Party shall retain exclusive possession at its offices of the Implementation Materials and agrees to maintain only one copy of the media via which the Implementation Materials were produced at a single facility of Receiving Party's Outside Counsel. When the Implementation Materials are not in use, they will be stored in a

---

[1] This document incorporates the Protective Order by reference, and all definitions provided in Section 2 of the Protective Order likewise apply to this document.

1  secure, locked area with access limited to those persons who may view the Implementation
2  Materials under the Protective Order.
3      3.    Notwithstanding the prior paragraph, Outside Counsel for the Receiving Party
4  may copy any electronic Implementation Materials into memory or disk storage of a single
5  computer at a facility of Outside Counsel or, if reasonably necessary, at a facility of Receiving
6  Party's Expert, provided that such computer is password-protected. If the facility is that of
7  Receiving Party's Expert, a representative of the Outside Counsel shall be present at said facility
8  while said copy is present, whether or not the Implementation Materials are being viewed or
9  analyzed at the time. Said computer shall be non-networked whether or not the electronic code is
10 being viewed or analyzed at the time. Whereas viewing or analysis of certain of the
11 Implementation Materials, such as chip implementation details, may require the use of
12 commercial software which requires a network connection for activation or licensing purposes,
13 nothing in this paragraph shall prevent the networking of a computer containing the
14 Implementation Materials from being networked to the extent that networking is required in
15 order for such viewing or analysis. If networking is required, it shall be enabled only when
16 required by the analysis or viewing software and only for the length of time so required. In such
17 cases, the Implementation Materials shall not be present on a networked computer except when
18 being viewed or analyzed, and no part of the Implementation Materials shall be transferred over
19 any network connection. Nothing in the prior paragraph prevents incidental copying into
20 memory of the electronic code (or any portion of it) as part of its investigation, analysis, or
21 review, such as in a smart card, emulator, simulator, or debugger.
22     4.    CRI and/or Doe Corporation may redact or substitute any static master keys. If
23 such master keys are removed they must be replaced with substitute data so as to not prevent
24 ordinary operation. CRI and/or Doe Corporation shall identify to Visa International the location
25 of all such redactions or substitutions. In the event Visa International determines it is impractical
26 or burdensome to evaluate the Implementation Materials by virtue of such redactions or
27 substitutions, the parties shall meet and confer in good faith to determine an alternate approach
28

that would allow Visa International to evaluate the unredacted Implementation Materials under conditions intended to protect Doe Corporation's confidentiality interests.

5. CRI and Visa International acknowledge that any Expert retained and approved pursuant to the Protective Order may not take and maintain actual possession of the media on which the electronic code is produced or the computer on which the electronic code is loaded, except at the locations and under the conditions provided for above.

6. If electronic code comprising part of the Implementation Materials is produced in encrypted form, when not in use, it must be stored in encrypted form.

7. Unencrypted excerpts of the electronic code may be included in electronic documents such as legal memoranda, exhibits, reports, declarations, or other word processing or presentation documents provided that electronic versions of such documents are password protected.

8. If any document is filed with the Court that contains the electronic code (or portions thereof), an application to file the document under seal will be made as set forth in the Protective Order. The filing party agrees to immediately notify Doe Corporation so that the appropriate declaration establishing that the designated information is sealable can be filed by Doe Corporation pursuant to the requirements of Civil L.R. 79-5.

9. CRI and Visa International will each provide to Doe Corporation a list of their respective Experts to whom they intend to provide access to Disclosure or Discovery Material that Doe Corporation has designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or CRI has designated "Implementation Materials." The list will,for each expert,set forth the information required by section 7.4(a) of the Protective Order and Doe Corporation shall have the opportunity to object to any proposed expert as provided in section 7.4(b).

10. Section 11 of the Stipulated Protective Order ("Final Disposition") shall apply to the electronic code except that compliance shall be within thirty days after termination and, if the electronic code is returned, shall be returned in encrypted form and the returning party shall certify that the media containing all electronic copes have been either destroyed or securely erased using at least three passes of random data.

- 3 -
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
CASE NO. C04-04143-JW (HRL)

| | |
|---|---|
| 1 | 11. Except for paragraph 8 above, excerpts of electronic Implementation Materials |
| 2 | may be printed using printers attached to the single computer referenced in paragraph 3 only for |
| 3 | the purpose of facilitating the review thereof or for compiling deposition or Court filing exhibits. |
| 4 | The parties shall endeavor to keep to a minimum the amount of electronic Implementation |
| 5 | Materials that is so printed and shall promptly destroy any printed excerpts that are determined |
| 6 | not to be relevant to any claim or defense of any party. Every such printed page must be affixed |
| 7 | with a legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – |
| 8 | IMPLEMENTATION MATERIALS" and shall be treated as such in accordance with section 7.3 |
| 9 | of the provisions of the Protective Order, as amended. At no point may the entire electronic |
| 10 | Implementation Materials, or any substantial portions thereof, be printed or included in |
| 11 | electronic documents such as legal memoranda, exhibits, reports, declarations, or other word |
| 12 | processing or presentation documents. Any authorized paper copies of limited portions of the |
| 13 | electronic Implementation Material retained by either party must be kept in a secured container |
| 14 | or location at all times. Paper copies of electronic Implementation Materials may not be copied |
| 15 | and may not be removed from a secured container unless in a secured, private area. Both parties |
| 16 | shall maintain a complete log of bates numbered pages of printed Implementation Materials. |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

| For Plaintiff/Counterclaim Defendant | For Defendant/Counterclaimant |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC. | VISA INTERNATIONAL SERVICE ASSOCIATION |
| ___/s/ Ryan A. Tyz_____ | |
| Ryan A. Tyz | ____/s/ Eric B. Evans_____ |
| FENWICK & WEST LLP | Eric B. Evans |
| LYNN H. PASAHOW (CSB No. 054283) | MAYER BROWN LLP |
| lpasahow@fenwick.com | IAN N. FEIBERG (SBN 88324) |
| J. DAVID HADDEN (CSB No. 176148) | ifeinberg@mayerbrownrowe.com |
| dhadden@fenwick.com | BRANDON BAUM (SBN 121318) |
| JEDEDIAH WAKEFIELD (CSB No. 178058) | bbaum@mayerbrownrowe.com |
| jwakefield@fenwick.com | MICHAEL A. MOLANO (SBN 171057) |
| DARREN E. DONNELLY (CSB No. 194335) ddonnelly@fenwick.com | mmolano@mayerbrownrowe.com |
| | ERIC B. EVANS (SBN 232476) |
| DAVID D. SCHUMANN (CSB No. 223936) | eevans@mayerbrownrowe.com |
| dschumann@fenwick.com | CLIFF A. MAIER (SBN 248858) |
| RYAN A. TYZ (CSB No. 234895) | cmaier@mayerbrown.com |
| rtyz@fenwick.com | |
| | MAYER BROWN LLP |
| FENWICK & WEST LLP Silicon Valley | Two Palo Alto Square, Suite 300 |
| Center 801 California Street | 3000 El Camino Real |

| | |
|---|---|
| Mountain View, CA 94041<br>Telephone: (650) 988-8500<br>Facsimile: (650) 938-5200 | Palo Alto, CA 94306-2112<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060 |

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated  2/25/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

- 5 -

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
CASE NO. C04-04143-JW (HRL)