Robert L. Stolebarger (CA State Bar No. 230495)
    robert.stolebarger@hro.com
Jesse Markham (CA State Bar No. 087788)
    jesse.markham@hro.com
Isela Castaneda (CA State Bar No. 223971)
    isela.castaneda@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, Suite 2500
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

Joseph Melnik (CA State Bar No. 255601)
    jmelnik@mayerbrown.com
John J. Fitzgerald IV (admitted *pro hac vice*)
    jfitzgerald@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendant VISA INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CRYPTOGRAPHY RESEARCH, INC.,<br>        Plaintiff and<br>        Counterdefendant,<br><br>    v.<br><br>VISA INTERNATIONAL SERVICE<br>ASSOCIATION and VISA INC.,<br>        Defendants and<br>        Counterclaimant,<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV 04-4143-JW (HRL)<br><br>**VISA INC.'S MOTION TO DISMISS CRYPTOGRAPHY RESEARCH, INC.'S SUPPLEMENTAL COMPLAINT**<br><br>Date:    October 20, 2008<br>Time:    9:00 a.m.<br>Judge:   Hon. James Ware<br>Location: Courtroom 8, 4th Floor |

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

## **TABLE OF CONTENTS**
NOTICE OF MOTION AND MOTION .................................................................................................. iv

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 1

I.     INTRODUCTION ....................................................................................................................... 1

II.    LEGAL STANDARD ................................................................................................................. 2

III.   CRI FAILS TO PLEAD A SHERMAN ACT VIOLATION ...................................................... 3

    A.    Legal Standard ................................................................................................................. 3

    B.    CRI Fails To Allege Any Conspiratorial Facts as to Visa Inc. ....................................... 3

    C.    Visa Inc. Had No Plausible Rational Economic Incentive To Conspire As Alleged ... 6

    D.    CRI's Conspiracy Claims Are Fundamentally Flawed as to Both Defendants ............. 7

IV.   CRI FAILS TO PLEAD A CARTWRIGHT ACT VIOLATION ............................................. 8

V.    CRI'S FAILS TO PLEAD UNFAIR COMPETITION CLAIMS ............................................. 9

VI.   CRI FAILS TO PLEAD INFRINGEMENT OF ITS '092 PATENT ....................................... 10

VII.  CRI FAILS TO PLEAD INFRINGEMENT OF EACH OF ITS PATENTS ........................ 11

VIII. LEAVE TO AMEND ............................................................................................................... 13

IX.   CONCLUSION ......................................................................................................................... 14

i

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

**TABLE OF AUTHORITIES**

**CASES**

*Aguilar v. Atlantic Richfield Co.*,
    25 Cal. 4th 826 (2001) ...................................................................................................8

*Alcatel, U.S.A., Inc. v. Orckit Communications, Ltd.*,
    No. C 99-4468, 2000 U.S. Dist. LEXIS 6123 (N.D. Cal Apr. 13, 2000) .......................14

*Anticancer Inc. v. Xenogen Corp.*,
    No. 05-CV-0448-B, 2007 U.S. Dist. LEXIS 59811 (S.D. Cal. Aug. 13, 2007) ..............13

*America Ad Management, Inc. v. GTE Corp.*,
    92 F.3d 781 (9th Cir. 1996) ............................................................................................3

*Balistreri v. Pacifica Police Department*,
    901 F.2d 696 (9th Cir. 1990) ..........................................................................................2

*Bell Atlantic Bus. System Services v. Hitachi Data System Corp.*,
    849 F. Supp. 702 (N.D. Cal. 1994) ..........................................................................8, 12

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................................1, 2, 3, 5, 6, 7

*Conley v. Gibson*,
    355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) .......................................................2, 5

*County of Tuolumne v. Sonora Community Hospital*,
    236 F.3d 1148 (9th Cir. 2001) ........................................................................................8

*DM Research, Inc. v. College of America Pathologists*,
    170 F.3d 53 (1st Cir. 1999) ............................................................................................6

*Joy Technologies, Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993) ..........................................................................................10

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ...............................................................................3, 7, 13

*In re Late Fee and Over-Limit Fee Litigation*,
    528 F. Supp. 2d 953 (N.D. Cal. 2007) ...........................................................................6

ii
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

| | |
|---|---|
| 1 | *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, |
| 2 |     475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ...... 6 |
| 3 | *Multidistrict Vehicle Air Pollution v. General Motors Corp.*, |
| 4 |     591 F.2d 68 (9th Cir. 1979) ...... 4 |
| 5 | *Murphy Tugboat v. Shipowners and Merchant's Towboat*, |
| 6 |     467 F. Supp. 841 (N.D. Cal. 1979), *aff'd* 658 F.2d 1256 (9th Cir. 1981), *cert. denied*, |
| 7 |     455 U.S. 1018 (1982) ...... 8 |
| 8 | *Poster Exchange, Inc. v. Nat'l Screen Serv. Corp.*, |
| 9 |     517 F.2d 117 (5th Cir. 1975) ...... 4 |
| 10 | *Redwood Theaters, Inc. v. Festival Enterprises, Inc.*, |
| 11 |     908 F.2d 477 (9th Cir. 1990) ...... 8 |
| 12 | *Stein v. Pac. Bell*, |
| 13 |     173 F. Supp. 2d 975 (N.D. Cal. 2001) ...... 8 |
| 14 | *Timeline, Inc. v. Proclarity Corp.*, |
| 15 |     No. C05-1013JLR, 2006 U.S. Dist. LEXIS 50056 (W.D. Wa. 2006) ...... 12 |
| 16 | *United National Records, Inc. v. MCA, Inc.*, |
| 17 |     616 F. Supp. 1429 (N.D. Ill. 1985) ...... 8, 12 |
| 18 | *Warren v. Fox Family Worldwide, Inc.*, |
| 19 |     328 F.3d 1136 (9th Cir. 2003) ...... 3 |
| 20 | *Waymark Corp. v. Porta System Corp.*, |
| 21 |     245 F.3d 1364 (Fed. Cir. 2001) ...... 10 |
| 22 | **STATUTES** |
| 23 | Cal. Bus. & Prof. Code § 17200 ...... 9 |

iii

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE, that on October 20, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendant Visa Inc. will, and hereby does, move this Court, located at 280 South First Street, San Jose, California 95133, the Honorable James Ware presiding, for an order dismissing Plaintiff Cryptography Research Inc.'s ("CRI") Supplemental Complaint, pursuant to Rule 12(b)(6), for failure to state a claim. Visa Inc.'s Motion is based on this Notice of Motion and Motion, the within Memorandum of Points and Authorities, and Reply Memorandum, and on the pleadings and files in this action and any other argument as may be presented before or during this Motion.

iv
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Visa Inc. joins in the Motion to Dismiss previously filed by Visa International, and also submits this motion to dismiss on additional grounds.[1]

The Supplemental Complaint ("SC") fails to state a claim under Section 1 of the Sherman Act as to Visa Inc., and for the same reasons fails as to the claims asserted under California antitrust and unfair competition laws. The SC alleges no act or conduct by Visa Inc. that could possibly implicate it in the alleged conspiracy between Visa International and MasterCard. Visa Inc. did not even exist until long after the removal of the DPA-Resistant Session Key protocol ("DRSK") – allegedly covered by Cryptography Research, Inc.'s ("CRI") U.S. Patent No. 6,539,092 ("'092 Patent") – from the EMVCo "smart card" standard. The bare conclusory allegation that Visa Inc. was part of an "ongoing conspiracy" - without much more - falls well short of the standards for pleading antitrust conspiracies set by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Furthermore, there is no allegation that gives rise to a plausible basis for an inference that Visa Inc. had a rational economic incentive to join in any such conspiracy, since the alleged anticompetitive exclusion of CRI's technology was effectively complete long before Visa Inc. went into business. Finally, the antitrust allegations against Visa Inc. are essentially derivative, in the sense that Visa Inc. is only alleged to be liable on the basis of a conspiracy between MasterCard and Visa International. However, the conspiracy allegations are deficient as to those alleged co-conspirators. As urged by Visa International in its motion, CRI fails to state a § 1 conspiracy claim against Visa International under *Twombly* because it fails to allege the who, what, where, and when of the alleged conspiracy and because it fails to allege any facts that would tend to exclude the possibility that Visa International's actions were anything but the result of completely lawful, independent, self-interested behavior, namely removing a specification that CRI had

---

[1] At the time of filing of this motion, Visa International's motion to dismiss is still pending. The Court has found that motion appropriate for decision without oral argument, but the decision has not yet been rendered.

1

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

previously alleged as infringing its patents in order to eliminate any potential exposure to further and willful infringement.

In addition, since the unfair competition claim pursuant to California Business and Professions Code section 17200 in the SC is premised on alleged violations that are either asserted against a party other than Visa Inc. or premised on alleged violations that are not adequately plead, this claim must be dismissed. *First*, because the SC bases its section 17200 claim on breach of contract, misrepresentation, and breach of fiduciary duty – all claims based on wrongful actions allegedly committed by another party, Visa International, and based on actions that occurred prior to Visa Inc.'s existence – Visa Inc. cannot be liable for those actions, and thus, the SC's section 17200 claim must be dismissed. *Second*, because the SC also bases the 17200 claim on antitrust conspiracy violations allegedly committed by Visa International and Visa Inc. – conspiracy violations that fail to meet the *Twombly* pleading standard – the 17200 claim must be dismissed for this reason as well.

Finally, the SC fails to state a claim for patent infringement against Visa Inc. based on alleged infringement of the '092 Patent. Because CRI has plead that the alleged acts of infringement of the '092 Patent ceased prior to the creation of Visa Inc., Visa Inc. cannot be liable for such infringement. Moreover, the SC fails to adequately plead claims for patent infringement against Visa Inc. because it is clear that the alleged liability is premised on acts of infringement alleged to have occurred prior to the formation and existence of Visa Inc. Any such claims must therefore be dismissed for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), abrogated on other grounds, *Twombly*, 127 S. Ct. 1955. Rule 12(b)(6) requires dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support the claim's theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While a claim does not need detailed factual allegations to survive a motion to dismiss, a party's obligation to provide the grounds of its entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of

2
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

the elements of a cause of action." *See Twombly*, 127 S.Ct. at 1964-65. Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient, when taken as true, to raise a right to relief above the speculative level. *Id.* at 1965. In deciding a motion to dismiss under Rule 12(b)(6), a district court must accept factual allegations in a complaint as true, but is not bound to accept the truth of legal conclusions, even where couched as facts. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### III.   CRI FAILS TO PLEAD A SHERMAN ACT VIOLATION

#### A.   Legal Standard

To state a claim under § 1 of the Sherman Act, a plaintiff must allege that "(1) there was an agreement, conspiracy, or combination between two or more entities; (2) the agreement was an unreasonable restraint of trade under either a *per se* or rule of reason analysis; and (3) the restraint affected interstate commerce." *Am. Ad Mgmt., Inc. v. GTE Corp.*, 92 F.3d 781, 784 (9th Cir. 1996). Under *Twombly*, in order to adequately plead the first element (*i.e.*, the conspiracy element), a complaint must contain "enough factual matter" to suggest that an agreement took place:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. In applying these general standards to a § 1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.

*Twombly*, 127 S. Ct. at 1964-65. Pleading "enough factual matter" to suggest that an agreement took place requires that the complaint "answer the basic questions: who, did what, to whom (or with whom), where, and when?" *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008); *See also Twombly*, 127 S. Ct. at 1971 (dismissing § 1 Sherman Act claim because, among other things, the complaint "mentioned no specific time, place, or person involved in the alleged conspiracies"). Here, CRI has failed to plead the "who, what, where and when" with sufficient specificity to meet the *Twombly* standard.

#### B.   CRI Fails To Allege Any Conspiratorial Facts as to Visa Inc.

A fundamental problem with the SC is that it seeks to bring Visa Inc. into a conspiracy whose alleged objective had supposedly already been achieved long before Visa Inc. went into

3
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

business. The anticompetitive objective alleged in CRI's Third Amended Complaint, and which is incorporated into the SC, was to eliminate certain technology as a point of competition between MasterCard and Visa International on the security of their respective Smart Cards, (TAC ¶ 117) and *that* was fully supposedly accomplished in one fell swoop in 2005 by the elimination of the DRSK technology – allegedly covered by CRI's '092 Patent – from the EMV standard and from Visa International's and MasterCard's respective specifications.[2] CRI specifically alleges that this is so. (TAC ¶ 50) ("As a result of their [2005] conspiracy, Visa and MasterCard have foreclosed a competing session derivation system from the market").

Thus, all that has been – and all that could be – alleged against Visa Inc. is that it was created in May of 2007 (SC ¶ 2); that it became a parent company of Visa International in October of 2007 (SC 2); that it "will" at some unspecified time in the future "take over from Visa International the oversight of all of Visa's income-generating businesses, as well as the management of Visa's global and local relationships with such key stakeholders as card issuers, merchants, merchant acquirers and third-party processors (SC ¶ 3); that it has acquired certain "key assets" of Visa International

---

[2] In *Multidistrict Vehicle Air Pollution v. General Motors Corp.*, 591 F.2d 68 (9th Cir. 1979), the Ninth Circuit analyzed when a § 1 conspiracy violation becomes final in the context of analyzing the application of the statute of limitations. In that case, the plaintiff had alleged that the four major American automobile manufacturers had jointly agreed not to buy its "Smog Burner" device. The Ninth Circuit found that the actions complained of had taken place in 1964, and that plaintiff had been completely excluded from the market prior to January 1975. The court held that plaintiff's injury was final because the initial decision completely and permanently excluded plaintiff from the market:

> Where the violation is final at its impact, for example, where the plaintiff's business is immediately and permanently destroyed, or where an actionable wrong is by its nature permanent at initiation without further acts, then the acts causing damage are unrepeated, and suit must be brought within the limitations period and upon the initial act.

*Id.* at 72 (citing *Poster Exchange Inc. v. Nat'l Screen Serv. Corp.*, 517 F.2d 117, 126-27 (5th Cir. 1975)). Similarly, here, the conspiracy violation alleged by CRI was final in August 2005, when the DRSK technology was removed from the EMV Standard and from Visa International's and MasterCard's specifications. Indeed, CRI expressly contends that this 2005 removal effectively "foreclosed [the DRSK technology] from the market." (TAC ¶ 50.)

4
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

allegedly including EMVCo[3] (SC ¶ 4); and that Visa Inc. now participates in specifications and standard setting for Visa cards. (SC ¶ 5.) Clearly, none of these allegations forms a basis for a conspiracy between Visa Inc. and MasterCard, or between Visa Inc. and Visa International's vendors. All CRI offers by way of additional allegations is that Visa Inc., since October 3, 2007 – more than a year after MasterCard and Visa International allegedly wrote CRI out of their smart card standards – "has been and currently is directing, controlling, causing, or participating in" the activities alleged in the antitrust claim of the Third Amended Complaint, Paragraphs 1 through 52 and 108 through 120. (SC ¶ 27.) *Not one* of the allegations of those paragraphs of the Third Amended Complaint makes reference to conduct by anyone, let alone Visa Inc., after May 25, 2007 when Visa Inc. is alleged to have been formed. (SC ¶ 2.) Nowhere does CRI allege any conduct at all by Visa Inc. Instead, CRI wants to draw Visa Inc. into the antitrust litigation by merely alleging that a conspiracy existed between other companies, and that when Visa Inc. was formed or at least when it actually went into business it *must have* joined such an "ongoing conspiracy."

This is precisely the sort of antitrust conspiracy claim that *Twombly* blocks. Under the old approach engendered by language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), a complaint could proceed unless plaintiff could "prove no set of facts in support of his claim that entitles him to relief." The Supreme Court disparaged the literal reading of that language rather sharply:

> "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough...The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard...."

*Twombly*, 127 S. Ct. at 1969. The Court thus essentially put that language in *Conley* to rest, holding that an antitrust conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. Stating an antitrust conspiracy claim requires a complaint with enough factual matter to suggest that an agreement was made. *Id.* A "naked assertion of conspiracy in a § 1 complaint ... gets the complaint close to stating a claim, but without

---

[3] The allegation on information and belief that Visa Inc. now owns a share of EMVCo is in fact false, which will be addressed in a separate motion at an appropriate time, if necessary.

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id.* at 1966.

There is no factual matter alleged as to Visa Inc. to suggest that it conspired with MasterCard. There are no meetings alleged between anyone at Visa Inc. and MasterCard, or between Visa Inc. and Visa International's vendors; indeed there is not a *single* meeting alleged to have occurred at a time when Visa Inc. even existed. There is no identified person at Visa Inc. who is alleged to have conspired with anyone at MasterCard or with any representatives of Visa International's vendors; no time or place is suggested as to when or where any Visa Inc. employee is supposed to have met minds with anyone at MasterCard or with representatives of any vendors. Nor is there any fact alleged to suggest *why* Visa Inc. belatedly joined the alleged conspiracy whose objective had supposedly already been achieved before Visa Inc. came into existence. Who, Where, When What and Why are all missing from the SC. Under *Twombly*, the antitrust claim against Visa Inc. cannot proceed. It contains nothing but an unadorned assertion that Visa Inc. joined an "ongoing conspiracy," without any "factual enhancement" to give context to the bare allegation.

    **C.    Visa Inc. Had No Plausible Rational Economic Incentive To Conspire As Alleged**

Plaintiffs bringing claims under Section 1 must ultimately prove a conspiracy either on the basis of direct evidence or else by inference. However, in the absence of direct proof, antitrust law "limits the range of permissible inferences from ambiguous evidence." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). *Matsushita*, of course, applies at a later stage and prevents a case from going to trial where the evidence would require the jury to draw inferences of an economically irrational conspiracy. However, even at the pleading stage an antitrust conspiracy claim must make economic sense. *See In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 963 (N.D. Cal. 2007) (rejecting plaintiffs' allegation that, absent a conspiracy, defendant banks would have set lower fees for late credit card payments because, "as in *Twombly*, the complaint fail[ed] to allege facts showing that it would have been 'potentially more lucrative'" for defendants to have cut late fees); *See also DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (rejecting allegations of conspiracy as implausible on the grounds that the conspiracy was against the defendant's own economic interests:

6
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

"without more detail, it is highly implausible to suppose that [defendants] had any reason to 'agree' [] to adopt a faulty standard [for water purification equipment] whose main effect would be to raise costs" for defendants' members). "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 127 S. Ct. at 1965; *see also, Kendall*, 518 F.3d at 1047. A conspiracy complaint survives *Twombly* by "identifying facts that are suggestive enough to render a § 1 conspiracy plausible." *Id.*

The conspiracy claim against Visa Inc., in addition to being factually barren, is implausible on its face. No fact is alleged or suggested why, having already allegedly succeeded in expelling plaintiff's technology from the smart card standards set by EMVCo, Visa International or MasterCard would enlist the newly-formed parent company of one of the alleged conspirators in their illegal arrangement. To have done so would have been entirely gratuitous. The TAC alleges that "During this same period [September 2005], to further boycott CRI and its technologies, VISA and MasterCard agreed to remove the DPA-Resistant Session Key Derivative System, and all references to it, from the EMV Standard and their respective specifications...." (TAC ¶ 46.) It is further alleged that between September 2005 and September 2006, Visa International and MasterCard jointly designed and implemented in the standard a substitute for CRI's technology. (TAC ¶ 47.) Thus, the removal of CRI's technology from the EMV standard is alleged to have been complete as of September 2006. Why, then, would Visa International or MasterCard have any reason to enlist Visa Inc. to accomplish what had already been finished a full year before Visa Inc. entered the picture (by CRI's own admission)? More importantly, what plausible economic incentive is alleged for Visa Inc. to insert itself so gratuitously into a supposedly done deal? The answer is that there is no such allegation, and this failure is fatal to the antitrust claim under *Twombly*.

### D. CRI's Conspiracy Claims Are Fundamentally Flawed as to Both Defendants

The conspiracy claims in the SC against Visa Inc. are essentially derivative in nature. That is, Visa Inc. is alleged to have joined a pre-existing conspiracy between MasterCard and Visa International, and between Visa International and its vendors. However, the antitrust claims against

7
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW
#38466

those other companies fail with or without Visa Inc. as a defendant, and so they must be dismissed as to both defendants. Furthermore, even if there were a presentable claim against the original conspirators, there is no basis alleged for imputing liability to Visa Inc. simply because it now exists and owns one of the alleged conspirators. *Bell Atl. Bus. Sys. Services v. Hitachi Data Sys. Corp.*, 849 F. Supp. 702, 707 (N.D. Cal. 1994) ("[A] parent is not liable for the wrongful acts of its subsidiary simply because the parent wholly-owns the subsidiary.") (citing *United Nat'l Records, Inc. v. MCA, Inc.*, 616 F. Supp. 1429, 1432 (N.D. Ill. 1985)); *See also Murphy Tugboat v. Shipowners and Merchant's Towboat*, 467 F. Supp. 841, 854 (N.D. Cal. 1979), *aff'd* 658 F.2d 1256 (9th Cir. 1981), *cert. denied*, 455 U.S. 1018 (1982) (holding that the fact that defendant corporations were parent corporations did not, by itself, made them liable for antitrust violations that may have been committed by their subsidiaries). The limited liability of corporations is not so lightly dispensed with, and CRI has not even attempted to meet the heavy burden of piercing Visa International's corporate veil or otherwise imputing subsidiary liability to a newly-formed parent corporation.

Therefore, because CRI fails to state a claim under § 1 of the Sherman Act under *Twombly*, this claim, Count 12 of the SC, must be dismissed pursuant to Rule 12(b)(6).

### IV. CRI FAILS TO PLEAD A CARTWRIGHT ACT VIOLATION

CRI's Cartwright Act claim, Count 13 of the SC, piggy-backs on the allegations of CRI's Sherman Act § 1 conspiracy claim and fails for the same reasons. The Cartwright Act is modeled on the Sherman Act and the "analysis under California's antitrust law mirrors the analysis under federal law." *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001) ("Given our analyses and conclusions regarding the federal claims, the district court properly granted summary judgment on the state antitrust claims, as well."); *Redwood Theaters, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 481 (9th Cir. 1990) ("[t]he federal and California antitrust laws have identical objectives and are harmonious with each other.") (citations omitted); *Aguilar v. Atl. Richfield Co.*, 25 Cal. 4th 826, 838 (2001) (applying federal cases interpreting the Sherman Act to the Cartwright Act); *Stein v. Pac. Bell*, 173 F. Supp. 2d 975, 987 (N.D. Cal. 2001) (dismissing Cartwright Act claims

8
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

predicated on same conduct as dismissed Sherman Act claims), *aff'd in relevant part by* 172 Fed. Appx. 192 (9th Cir. 2006).

## V. CRI'S FAILS TO PLEAD UNFAIR COMPETITION CLAIMS

CRI's Fourteenth Claim, the unfair competition claim in violation of California Business and Professions Code sections 17200, *et seq.*, asserted against Visa Inc. (SC, Claim 14, at ¶¶ 30-31) must be dismissed because CRI fails to show that Visa Inc. committed an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. CRI bases its section 17200 claim on the breach of contract, misrepresentation and breach of fiduciary duty causes of action – all claims based on wrongful actions allegedly committed by another party, Visa International, *and* all actions that occurred prior to Visa Inc.'s existence. As noted above, and as acknowledged in CRI's SC, Visa Inc. came into existence in May of 2007. (SC ¶ 2.) The alleged wrongful actions which form the bases for these claims were allegedly committed by Visa International well before Visa Inc.'s existence. (TAC ¶¶ 1-33; SC ¶ 9.) Because CRI cannot base its section 17200 claim against Visa Inc. on anticompetitive conduct allegedly committed by a third party, this claim – with respect to the breach of contract, misrepresentation and breach of fiduciary duty causes of action – must fail.

CRI also bases its section 17200 claim on the antitrust violations allegedly committed by Visa International and by Visa Inc. CRI states in its SC that Visa Inc., since October 2007 – when Visa Inc. became the parent company to Visa International – "has been and currently is directing, controlling, causing, or participating in, and is therefore liable for," antitrust violations alleged against Visa International in the TAC. (SC ¶ 31.) However, these allegations must also be dismissed. *First*, as urged in Visa International's motion, CRI has failed to meet the *Twombly* pleading standard to state an antitrust violation against Visa International (because it fails to allege the who, what, where, and when facts of the alleged antitrust conspiracy and fails to allege facts that tend to exclude the possibility that Visa International's action were anything but the result of completely lawful, independent, self-interested behavior). *Second*, as urged in the present motion, CRI also fails to meet the *Twombly* pleading standard to state an antitrust violation against Visa Inc. Thus, because CRI bases its section 17200 claim against Visa Inc. on inadequately plead antitrust violations against Visa International and against Visa Inc., CRI's 17200 claim must be dismissed.

9

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

## VI. CRI FAILS TO PLEAD INFRINGEMENT OF ITS '092 PATENT

CRI's Ninth Claim for Infringement of its '092 Patent must be dismissed because the very facts CRI has plead in support of its claims that Visa International and Visa Inc. have violated state and federal competition laws also prove that Visa Inc. cannot have infringed the '092 Patent.

In support of its state and federal antitrust claims, CRI pleads that in September 2005, Visa International and MasterCard conspired to eliminate any uses of the DRSK technology from their respective specifications and products as a result of CRI's allegations that such technology infringed upon the '092 Patent. As pled by CRI, the September 2005 removal of the DRSK was so complete as to result in the elimination of "all references to [the DRSK technology] from [Visa International's] Smart Card specifications, documentation, and requirements," (TAC ¶ 44) and from the EMV Standard (TAC ¶ 46), effectively "foreclos[ing] [the DRSK technology] from the market." (TAC ¶ 50.) CRI also alleges that during September 2005, Visa International was "refus[ing] to certify any Smart Cards carrying the [DRSK]," thereby "affirmatively prohibit[ing] its vendors to sell and its member banks to purchase and issue Smart Cards with the [DRSK technology]." (TAC ¶ 44.)

In apparent disregard for the facts alleged to underlie its antitrust causes of action, CRI claims that "*since ... October 3, 2007*, VISA INC. has been and currently is directing, controlling, causing, or participating in, and therefore liable for," infringement of its '092 Patent. (SC ¶ 22-23.) However, since CRI has already pled that the September 2005 elimination of the DRSK was so complete as to result in the "remov[al of] CRI's technology from the market place" (TAC ¶ 52), there can be no infringement of the '092 Patent occurring on October 3, 2007 or thereafter upon which CRI can base its patent infringement cause of action. In other words, because Visa Inc. did not even exist until May 2007 – well over a year after the alleged infringement had ceased by CRI's own admission – Visa Inc. cannot be liable for infringement of the '092 Patent. *Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (affirming dismissal where the patent holder failed to establish that the accused infringer actually practiced the claimed invention); *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) (finding infringement of method or process claims only when the accused infringer actually performs the claimed invention). CRI's

10

Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

Ninth Claim for infringement of its '092 Patent, therefore, must be dismissed for failure to state a claim upon which relief can be granted.

## VII. CRI FAILS TO PLEAD INFRINGEMENT OF EACH OF ITS PATENTS

In addition to the reasons set forth above with respect to the '092 Patent, each of the patent infringement causes of action asserted by CRI against Visa Inc. (SC, Counts 3-10) must fail as it is clear that the alleged liability is premised on acts of infringement alleged to have occurred prior to Visa Inc.'s existence. In fact, each of the patent infringement causes of action asserted by CRI in the SC is premised upon activities first alleged by CRI to have occurred no later than December 11, 2006, when CRI filed its Second Amended Complaint ("SAC") with virtually identical patent infringement causes of action as set forth in the TAC. CRI has not plead any basis, because none exists, upon which Visa Inc. could be held responsible for allegedly infringing activities occurring several months before Visa Inc. was even created.

CRI alleges in each of the patent infringement causes of action in the SC that "*since ... October 2007*" – when Visa Inc. emerged as the parent to Visa International – Visa Inc. "has been and currently is directing, controlling, causing, or participating in, and is therefore liable for," the infringing activity alleged in the TAC against Visa International. (TAC, Claims 3-10.) However, the TAC merely restates the patent infringement causes of action plead in the SAC. *Compare* TAC, claims 3-10 *with* SAC claims 3-10. In fact, the TAC pleads no facts in support of the patent infringement causes of action that were not also plead in the SAC. Both the SAC and the TAC allege direct and indirect infringement by Visa International with respect to the exact same accused products (which are identified in both the SAC and the TAC by a reference number issued by Visa International). For example, the Third Claim in both the TAC and the SAC allege infringement of U.S. Patent No. 6,278,783 ("'783 Patent") resulting from the making, having made, importing, using, selling or offering for sale of the exact same 25 accused products. *Compare* TAC, ¶ 64 *with* SAC ¶ 53. A review of the other patent causes of action against Visa Inc. reveals that for each patent cause of action, the accused products identified in the SAC are the exact same as those identified in

11
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

1 the TAC.[4] It makes no sense, therefore, that Visa Inc. **began in 2007**, to direct, control, cause, or participate in, activities that CRI has plead occurred no later than December 11, 2006.

In addition, notably absent from the SC is any claim that Visa Inc. – the parent to Visa International – is the successor in interest to or alter ego of Visa International. Thus, any infringement allegedly committed by Visa International remains the sole legal responsibility of Visa International. By the same token, any patent infringement that CRI alleges to be the responsibility of Visa Inc. must be premised solely on Visa Inc.'s own acts, which could not have occurred any earlier than May, 2007. Any allegations to the contrary should be dismissed for failure to state a claim upon which relief can be granted. *See Timeline, Inc. v. Proclarity Corp.*, No. C05-1013JLR, 2006 U.S. Dist. LEXIS 50056, at *10-11 (W.D. Wa. July 20, 2006) (dismissing a patent infringement claim for failure to state a claim because the complaint "does not include any allegations suggesting that the corporate veil should be pierced to impose personal liability for direct infringement under § 271(a); ... does not allege that [the corporation] is a sham corporation or that the corporation is the alter ego of the Directors, nor does the [complaint] allege that any of the Directors acted with specific intent to escape liability for a specific tort."); *See also Bell Atl. Bus. Sys. Services*, 849 F. Supp. at 707 ("[A] parent is not liable for the wrongful acts of its subsidiary simply because the parent wholly-owns the subsidiary.") (citing *United Nat'l Records, Inc.*, 616 F. supp. at 1432).

As the entirety of the patent infringement causes of action are premised upon facts that existed as of the December 11, 2006 filing of the SAC – 6 months before Visa Inc. was even created – CRI has not pled any facts upon which Visa Inc. could be liable under claims 3-10 of the SC.

---

[4] In the Fourth Claim of both the TAC and the SAC, CRI accuses the same 33 products of infringing U.S. Patent No. 6,298,442. *See* TAC ¶ 69, SAC ¶ 58. In the Fifth Claim of both the TAC and the SAC, CRI accuses the same 70 products of infringing U.S. Patent No. 6,304,658. *See* TAC ¶ 74, SAC ¶ 63. In the Sixth Claim of both the TAC and the SAC, CRI accuses the same 63 products of infringing U.S. Patent No. 6,327,661. *See* TAC ¶ 79, SAC ¶ 68. In the Seventh Claim of both the TAC and the SAC, CRI accuses the same 73 products of infringing U.S. Patent No. 6,381,699. *See* TAC ¶ 84, SAC ¶ 73. In the Eighth Claim of both the TAC and the SAC, CRI accuses the same single product of infringing U.S. Patent No. 6,510,518. *See* TAC ¶ 89, SAC ¶ 78. In the Ninth Claim of both the TAC and the SAC, CRI accuses the same 69 products of infringing U.S. Patent No. 6,539,092. *See* TAC ¶ 94, SAC ¶ 83. In the Tenth Claim of both the TAC and the SAC, CRI accuses the same single product of infringing U.S. Patent No. 6,654,884. *See* TAC ¶ 99, SAC ¶ 88.

12
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

Moreover, in view of the fact that the new *Twombly* pleading standard also applies to pleadings in patent infringement actions, *see Anticancer Inc. v. Xenogen Corp.*, No. 05-CV-0448-B, 2007 U.S. Dist. LEXIS 59811 (S.D. Cal. Aug. 13, 2007) (dismissing patent infringement claims for failure to meet the *Twombly* pleading standard), CRI's patent infringement actions must be dismissed because CRI has failed to demonstrate a plausible entitlement to relief. That is, because the allegations in the SC underlying each of the patent infringement claims are based on facts that existed prior to December 11, 2006 – 6 months before Visa Inc. was created – CRI has failed to plead "enough factual matter" to plausibly suggest it is entitled to any relief from Visa Inc. Each of CRI's patent infringement claims against Visa Inc. must, therefore, be dismissed for failure to state a patent infringement claim under *Twombly*.

### VIII. LEAVE TO AMEND

With respect to the antitrust claims (Counts 12-13 of the SC), the Court dismissed CRI's Second Amended Complaint because it failed to meet the *Twombly* pleading standard to state a § 1 Sherman Act claim against Visa International. As urged in Visa International's currently pending motion to dismiss, CRI comes no closer to meeting the pleading requirements in its TAC. Although CRI is asserting a § 1 Sherman Act conspiracy claim against Visa Inc. for the first time, the SC asserting this claim was filed after the Court's Order dismissing the antitrust claims against Visa International. CRI, therefore, was fully aware of its pleading deficiencies with respect to the alleged Visa/MasterCard and industry-wide conspiracy – the conspiracies that CRI alleges Visa Inc. has now joined. Providing CRI another attempt to manufacture antitrust claims, this time against Visa Inc., would be futile and wasteful since, as noted above, CRI cannot show that Visa Inc. – a corporation that came into existence after the objective of the alleged conspiracy had already been achieved – joined the supposed "ongoing conspiracy." *Kendall*, 518 F.3d at 1051-52 (denying leave to amend to cure *Twombly* pleading deficiencies because plaintiffs had already been granted leave to amend once to cure the same deficiencies). The same can be said for the unfair competition claim (Count 14 of the SC), which is largely depended on the antitrust claims.

With respect to the patent infringement claims (Counts 3-10 of the SC), in light of the fact that this case has been pending for 3½ years (which is ample time for CRI to conduct discovery of

13
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466

the facts), and given that the SC reflects the 3rd opportunity CRI has had to plead the underlying facts in support of its patent infringement claims, CRI's patent infringement claims against Visa Inc. should be dismissed with prejudice. *Alcatel, U.S.A. Inc. v. Orckit Communications, Ltd.*, No. C 99-4468, 2000 U.S. Dist. LEXIS 6123 (N.D. Cal. Apr. 13, 2000) (granting motion to dismiss patent infringement claims with prejudice because there are no set of facts that would cure plaintiff's pleading deficiencies).

### IX. CONCLUSION

In light of the above, Visa Inc. respectfully requests that its Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint be granted without leave to amend.

DATED: June 30, 2008

HOLME ROBERTS & OWEN LLP
ROBERT STOLEBARGER

By: */s/ Robert L. Stolebarger*
Robert L. Stolebarger
Attorneys for Defendant VISA INC.

14
Visa Inc.'s Motion to Dismiss Cryptography Research, Inc.'s Supplemental Complaint
*Cryptography Research, Inc. v. Visa International Service Association and Visa Inc.*
Case No. C 04-04143 JW

#38466